Hoh, Respondent, vs. Hoh, Appellant.

*February 23 — March 21, 1893.*

*Divorce: Failure to answer: Relief exceeding demand.*

Where, in an action for divorce, the relief demanded as to property is
for alimony and temporary allowances only, and there is no an-
swer, a judgment for a division of defendant's property is errone-
ous, under sec. 2886, R. S.

APPEAL from the Circuit Court for *Outagamie* County.

Action for divorce. The grounds alleged are cruel and
inhuman treatment of the plaintiff by her husband, the de-
fendant, and failure on his part to support her. The com-
plaint also alleges that the parties occupy twenty acres of
land, in which the plaintiff has a life estate, and which has
been and is cultivated and carried on mainly at her expense.
It is further alleged that she has about $350 invested, and
has no other property, and that the defendant has money
and securities of the value of at least $3,500. It is not al-
leged that he has any other estate.

The demand for judgment, as respects property and al-
lowances, is "that suitable alimony may be allowed her
out of his [defendant's] estate, and that during the pend-
ency of this action he be required to pay proper suit
money and temporary support." There are also demands
for an injunction to restrain defendant from molesting or
interfering with the plaintiff, and for general relief. The
defendant made no defense or appearance to the merits of
the action. The plaintiff made her proof, and judgment as
by default went in her favor for a divorce and for $300,
"in full for alimony, suit money, and costs in this action."
The judgment also contains the following clause: "And it
is further adjudged and decreed that the possession of the
land now occupied by them, viz., the west half of the south-

west quarter of the southeast quarter of section No. 24, in town 21 north, and range 16 east, and all the personal property on said land or therewith, and belonging to said parties, excepting defendant's personal apparel and carpenter tools, be, and henceforth is, the possession and property of the plaintiff, and defendant is hereby divested of all right, title, or claim therein, and debarred from the same."

At the term during which such judgment was entered defendant moved the court to set aside the portion of the judgment last above quoted. The court denied the motion. The defendant appeals from the order denying such motion, and from the clause of the judgment last above quoted.

For the appellant there was a brief by *Joseph Roemer*, attorney, and *Humphrey Pierce*, of counsel, and oral argument by *Mr. Pierce*. They cited sec. 2886, R. S.; *Zwickey v. Haney*, 63 Wis. 464; *Edleman v. Kidd*, 65 id. 25; *Whereatt v. Ellis*, 68 id. 61; *McKenzie v. Peck*, 74 id. 208; *Whitehill v. Jacobs*, 75 id. 484–5; *Walton v. Walton*, 32 Barb. 203.

For the respondent the cause was submitted on the brief of *John Bottensek*.

LYON, C. J. Sec. 2886, R. S., provides that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint." In the present case there is no answer, and the relief demanded in the complaint in respect to property is for alimony and temporary allowances, and those only. The portion of the judgment from which this appeal is taken is for a division of the property. A judgment for alimony and one for a division of the estate of the husband are essentially different in character and results. The former is always under the control of the court, and may be changed or modified at any time, while the latter is final. R. S. secs. 2364, 2369.

Hoh vs. Hoh.

When the defendant read the complaint of his wife he had the right to assume that, if a divorce was granted, the court would not make a division of his estate, but would only grant her alimony out of his estate. He knew that, if dissatisfied with the amount of alimony awarded her, the court would always be open to him to apply for a revision thereof. If he did not desire to resist a divorce he might well make default and neglect to litigate the question of alimony in the first instance, while, had a division of estate been demanded, he would have litigated such demand. This consideration brings the case within the reason of the statute as stated by Chief Justice COLE in *Zwickey v. Haney*, 63 Wis. 464. It is there said: "It often happens that a defendant prefers to let the plaintiff take the judgment he has demanded, and to which he has no valid defense, rather than be to the expense of making an answer or attending upon the trial. This is true both in respect to actions in equity and to actions at law; and the safe rule is to hold that it is error to take a judgment for a greater amount or for other relief than that demanded in the complaint, when there is no answer and the judgment goes by default."

For the reasons above stated the order of the circuit court denying the motion of defendant to vacate the portion of the judgment appealed from, and that portion of the judgment, must be reversed. No costs are allowed the defendant, but he must pay the clerk's fees in this court.

*By the Court.*— Ordered accordingly.