LESSIG, Respondent, vs. LESSIG, Appellant.

*September 12—September 29, 1908.*

*Divorce: Opening default: Discretion: Appealable order: "Relief granted to plaintiff" exceeding demand: Division of property: Prejudicial error: Revision of judgment as to children.*

1. There having been no abuse of discretion in an order denying a motion to open a divorce judgment and set aside defendant's default, the appeal from such order is dismissed.

2. In an action by the husband for divorce he had judgment by default.   A division of his property was adjudged, although not asked for in the complaint.   *Held*, that such division was not "relief granted to the plaintiff" which, under sec. 2886, Stats. (1898), could not exceed that demanded in the complaint.   *Hoh v. Hoh*, 84 Wis. 378, distinguished and questioned.

3. Neither an award of alimony nor a division of property being demanded in the complaint, the adjudging of such division is not ground for reversal on an appeal by the wife, she not being aggrieved thereby.

4. The provisions of secs. 2362, 2363, Stats. (1898), authorizing re-
vision and alteration of a judgment of divorce in respect to the
care, custody, maintenance, and education of the children, be-
come in legal effect a part of the judgment; and although a
judgment purports to "wholly" release the husband from the
support and education of children it is nevertheless open for re-
vision in that respect.

APPEAL from a judgment and an order of the circuit
court for Wood county: CHAS. M. WEBB, Circuit Judge.
*Appeal from order dismissed; judgment affirmed.*

This is a divorce action brought by the husband, alleging
desertion, and praying for dissolution of the marriage, for
costs, and for general relief. The summons and complaint
were personally served on the defendant, who made default,
and judgment was rendered on March 18, 1907, dissolving
the marriage, giving the custody of the infant child of the
parties to the defendant, providing that the plaintiff turn
over to the defendant $400 as a final division of the property
of the parties, and that plaintiff be wholly released from any
care, maintenance, or education of the child or for the sup-
port of the defendant.

More than a year after the entry of the judgment the de-
fendant made a motion, based upon affidavits and a proposed
answer, to set aside the judgment and for leave to defend.
This motion was resisted upon opposing affidavits and denied
by the court May 11, 1908. From this order and from the
judgment (except those parts thereof granting the divorce
and awarding the custody of the child to the defendant) the
defendant appeals.

The cause was submitted for the appellant on the brief of
*W. E. Wheelan.*

For the respondent there was a brief by *Goggins, Brazeau
& Briere,* and oral argument by *Charles E. Briere.* To the
point that under a prayer for general relief the trial court
may grant alimony or a division of the property as ancillary
to the action, even though the same is not prayed for in the
complaint, they cited *Zuver v. Zuver,* 36 Iowa, 190; *Hills*

*v. Hills,* 94 Ind. 436; *Zulier v. Zulier* (Ohio) 56 N. E. 661, 664; *McEwen v. McEwen,* 26 Iowa, 575; *Darrow v. Darrow,* 43 Iowa, 411; *Gimmy v. Gimmy,* 22 Cal. 633; *Munroe v. Munroe,* 20 Oreg. 579; *Twing v. O'Meara,* 59 Iowa, 326, 13 N. W. 321.

WINSLOW, C. J. 1. The motion to open the judgment and set aside the default and allow the defendant to plead was a motion addressed to the sound discretion of the court. There were a number of affidavits on both sides, and the question whether the defendant showed facts which should be held to excuse the neglect was a fairly debatable one. It is not deemed necessary to review the affidavits. We have carefully examined them and have concluded that there was no abuse of discretion in denying the motion. Under these circumstances the appeal from the order must be dismissed. *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528.

2. Upon the appeal from portions of the judgment different questions are presented. As to that portion of the judgment making final division of the property, it is claimed by appellant that there should be a reversal upon the ground that no such relief is demanded by the prayer of the complaint, and that under sec. 2886, Stats. (1898), and the case of *Hoh v. Hoh,* 84 Wis. 378, 54 N. W. 731, this portion of the judgment must be reversed. That was a case where the wife brought the action and prayed only for allowance of alimony, and it was held that upon default a judgment for division of the husband's property could not be sustained because it was not demanded in the complaint. The sweeping provisions of sec. 2364, Stats. (1898), which provide that either alimony or division of the property may be adjudged upon *every* divorce from the bond of matrimony except when granted for adultery of the wife, were not mentioned or considered. Whether that decision would be adhered to in view of the further fact that the public interest in the support of the wife after divorce is always involved may be doubtful,

but, however that may be, we do not consider that decision as controlling here. In the present case the husband brought the action, and the division of his property and awarding a portion of it to his wife was not in any true sense "relief granted to the plaintiff," but rather relief granted to the defendant. But even if it be regarded as relief granted to the plaintiff, and the principle decided in *Hoh v. Hoh* be considered as correct, still there can be no reversal; for, if division of the property could not be awarded under the complaint, no more could alimony, because neither is demanded, and so the defendant secures by the judgment just so much more than could properly be given her, and hence cannot be considered as aggrieved. On the other hand, if *Hoh v. Hoh* be not followed, then it was within the power of the court to award either alimony or division of the property, and, the evidence not being preserved by bill of exceptions, we cannot say that there was any error in awarding a division. So, whatever view be taken of the matter, this part of the judgment must be affirmed.

As to that part of the judgment purporting to "wholly" release the plaintiff from the support and education of the minor child, this provision must be read in connection with secs. 2362, 2363, Stats. (1898), which authorize the insertion of provisions for the care, custody, and maintenance of the children in a judgment for divorce, and empower the court, upon petition, to revise and alter such provisions from time to time as circumstances may require. These provisions in legal effect became a part of the judgment, and under them this judgment is open for revision in these respects upon proper petition and showing at any time notwithstanding the use of the word "wholly."

*By the Court.*—The appeal from the order is dismissed, and those parts of the judgment appealed from are affirmed without costs, except that the respondent is required to pay the fees of the clerk of this court to be taxed.