[S. F. No. 6384. Department One.—December 15, 1914.]

BERNARDO HIGUERA, Appellant, v. FRANK COREA, Respondent.

QUIETING TITLE—EASEMENT—FORMER ADJUDICATION CONCLUSIVE—AD-MISSIBLE AS EVIDENCE.—In an action to quiet title to a tract of land, where the defendant by answer claims ownership of an ease-ment over the land claimed by plaintiff, consisting of a roadway leading from defendant's land across the plaintiff's land to a public highway, a final judgment in a former action between the same parties declaring defendant herein to be entitled to the identical easement, is conclusive of the rights of the parties, and is ad-missible in evidence without the necessity of setting it up as a former adjudication.

ID.—FORMER JUDGMENT—EFFECT OF.—Practically the sole purpose of resorting to courts for a judgment establishing a right is to furnish the party with a record on which he can rely as con-clusive proof of his right whenever it is again assailed.

APPEAL from a judgment of the Superior Court of Santa Clara County and from orders refusing a new trial and to set aside the judgment. John E. Richards, Judge.

The facts are stated in the opinion of the court.

William B. Hardy, for Appellant.

William H. Johnson, for Respondent.

SHAW, J.—The complaint of the plaintiff states a cause of action to quiet plaintiff's title to a tract of land. The prayer is that the defendant be required to set forth the in-terest he claims therein and that the same be adjudged void. The defendant answered, alleging that he was the owner of an easement over the land claimed by the plaintiff, consist-ing of a roadway leading from the defendant's land across the plaintiff's land to a public highway. Judgment was given for the defendant, declaring him to be the owner of said easement. Plaintiff appeals from the judgment, also from an order denying his motion for a new trial and from an order denying his motion to set aside the judgment as contrary to the findings.

On the trial the defendant introduced in evidence the record of a previous action by Frank Corea against Bernardo Higuera wherein judgment was given in favor of Corea, declaring that he was entitled to the identical easement over Higuera's land that is here in controversy. An appeal was taken in that case to this court and the judgment therein was affirmed on April 29, 1908. (*Corea* v. *Higuera,* 153 Cal. 451, [17 L. R. A. (N. S.) 1018, 95 Pac. 882].) The amended complaint in the present action was filed September 29, 1911, and the trial was had in the following December. The description of the roadway in the judgment in the former action was in somewhat general terms. The court here, however, found that the roadway therein described was identical with that described in the defendant's answer herein.

The plaintiff claims that the evidence is insufficient to show that defendant had title to the easement in question. We do not think it necessary to set out the evidence in full. While it is somewhat conflicting, there is ample evidence to show the defendant's right thereto, as adjudged by the court, and that without aid from the probative effect of the former judgment. That judgment is, in itself, conclusive of the rights of the parties in this action. The finding that the description of the roadway in the former action is identical with the description in this action is not attacked by the plaintiff in his briefs. As we understand his argument, it is that the former judgment is inadmissible in evidence in this action in proof of the defense alleged, because that matter had been adjudicated and the adjudication cannot be introduced in evidence in another action involving the same right. No discussion is necessary to dispose of this argument. Practically the sole purpose of resorting to courts for a judgment establishing a right is to furnish the party with a record on which he can rely as conclusive proof of his right whenever it is again disputed. It was not necessary to set up the judgment in the previous action as a former adjudication. It could be introduced in evidence as proof of the right of the defendant to the easement alleged in his answer.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.