[S. F. No. 11637.  In Bank.—October 21, 1927.]

METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Plaintiff and Respondent, v. LAWRENCE J. WELCH, Defendant and Respondent; MARIETTA GROSS, Defendant and Appellant.

**[1]** PLEADING—FAILURE TO ANSWER—RELIEF.—In an action wherein the judgment is entered by reason of the failure of the defendant to appear and answer the complaint, the relief granted cannot exceed that which is demanded in the complaint; and where relief is given beyond the scope of that asked for, it is a nullity, and may be attacked collaterally, or its effect avoided under the

------

1. Validity of default judgment awarding relief beyond prayer of complaint, note, 11 **Ann. Cas.** 353. See, also, 14 **Cal. Jur.** 906–908. Effect of judgment by default beyond scope of the relief asked, note, 11 **L. R. A. (N. S.)** 803. Right under general prayer to relief inconsistent with prayer for specific relief, note, 30 **A. L. R.** 1175.

doctrine that it is not *res adjudicata;* and where there is no answer the prayer for general relief cannot enlarge the power of the court to grant relief not specifically prayed for.

[2] DIVORCE—AWARD OF COMMUNITY PROPERTY—VOID JUDGMENT.—In an action for divorce in which the plaintiff in her complaint alleged that the parties had acquired certain specifically described community property and asked that she be awarded said community property and be granted general relief, a provision of the judgment purporting to set aside to the plaintiff "all of the community property of plaintiff and defendant" is a nullity, where the defendant defaulted in the case.

[3] ID.—LIFE INSURANCE—PAYMENT OF PREMIUMS BY WIFE—RIGHTS OF PARTIES IN.—Where a husband took out a policy of life insurance which provided for the payment of a certain sum to his wife on his death, if his death should occur within twenty years after the date of the policy, but that if he should live beyond that period a cash surrender value should be paid to him, the fact that the wife paid all premiums falling due on the policy after she had obtained a divorce did not estop her former husband from claiming that she had no interest in the policy.

---

(I) 34 **C. J.,** p. 191, n. 85.    (2) **19 C. J.,** p. 339, n. 42.    (3) 37 **C. J.,** p. 588, n. 4.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. T. Plunkett for Appellant.

Walter Christie and Roland Becsey for Respondent Lawrence J. Welch.

Knight, Boland, Hutchinson & Christin and T. J. Gilmartin for Respondent Metropolitan Life Insurance Co.

CURTIS, J.—This is an action in interpleader instituted by the Metropolitan Life Insurance Company against the appellant, Marietta Gross, and the respondent, Lawrence J. Welch, who were formerly husband and wife. On October 28, 1903, and while appellant and respondent were husband and wife, a policy of insurance was issued by the plaintiff, the Metropolitan Life Insurance Company. This policy

provided that on payment of the annual premiums therein called for said insurance company would pay to appellant, then Marietta Welch, the sum of $1,500 on the death of respondent, provided his death should occur within twenty years after the date of said policy of insurance. If, however, said Welch should be alive at the expiration of said period of twenty years, said policy provided that the cash surrender value of said policy should be paid to him at the expiration of said period. All premiums on said policy falling due during said period of twenty years were paid, and at the expiration thereof the said Lawrence J. Welch, the respondent herein, was living and the cash surrender value of said policy was then the sum of $1,241.74. In the meantime, however, the appellant, under her then name of Marietta Welch, instituted an action of divorce in the superior court of the city and county of San Francisco against the said Lawrence J. Welch, in which said action said court, on the fourteenth day of November, 1912, entered its decree in favor of the plaintiff therein and against the defendant therein, in which decree the said plaintiff was awarded an interlocutory decree of divorce, the custody of the minor children, the household furniture as community property and "all of the community property of plaintiff and defendant." On January 8, 1914, said court entered a final decree of divorce in said action, the terms of which in all respects, material for the purpose of the present action, followed those contained in the interlocutory decree. The defendant in said divorce action, the said Lawrence J. Welch, after being regularly served with process, made no appearance in said action and the judgment therein rendered was accordingly by default. In the complaint it was alleged "that plaintiff and defendant had acquired the following community property, to-wit, all of the household furniture, etc., contained in the dwelling-house at 1529 Hudson Avenue, San Francisco, occupied by plaintiff and defendant," and the prayer of said complaint asked that plaintiff therein "be awarded said community property" and for general relief. Said divorce decree was granted upon two grounds, one of which was extreme cruelty.

[1] In an action wherein the judgment is entered by reason of the failure of the defendant to appear and answer the complaint therein, the relief granted cannot exceed that

which is demanded in the complaint (Code Civ. Proc., sec. 580; *Brooks* v. *Forington*, 117 Cal. 219 [48 Pac. 1073]; *Mudge* v. *Steinhart*, 78 Cal. 34 [21 Am. St. Rep. 17, 20 Pac. 147]). "And where relief is given beyond the scope of that asked for, it is a nullity, and may be attacked collaterally, or its effect avoided under the doctrine that it is not *res adjudicata*." (*Lang* v. *Lang*, 182 Cal. 765, 769 [190 Pac. 181, 182].) Where there is no answer the prayer for general relief cannot enlarge the power of the court to grant relief not specifically prayed for. (*Staacke* v. *Bell*, 125 Cal. 309, 312 [57 Pac. 1012].)

[2] That part of the judgment in the divorce case of *Welch* v. *Welch* purporting to set aside to plaintiff therein "all of the community property of plaintiff and defendant" is therefore a nullity, and said judgment cannot be held to have had the effect of awarding to plaintiff in said action any of the community property of said parties except that specifically described in the complaint, which did not include the life insurance policy, the proceeds of which are in controversy in this action. No mention of said life insurance policy was made in the pleadings, findings, or either of the decrees in said divorce action. There is nothing in the case of *White* v. *White*, 86 Cal. 212, 219 [24 Pac. 996], cited by appellant, inconsistent with the foregoing conclusion. The appellant, therefore, acquired no right to said insurance policy by virtue of the decree of divorce awarding to her "all of the community property of plaintiff and defendant," or by any other provision of said decree. If she has any right to said policy, or its proceeds, it must be by virtue of some interest therein acquired while she and the defendant were husband and wife, and which was not determined by said decree of divorce. The trial court, however, held that the decree of divorce was an adjudication in favor of respondent that he was the owner of said policy of insurance, and accordingly gave judgment in his favor for the full amount of the proceeds thereof.

In support of said judgment respondent contends that the appellant having in her complaint in the divorce action specifically described the community property belonging to her and her then husband, and the court having found said community property to consist of the articles so described in her complaint, and having made an award of said com-

munity property by the final decree in accordance with and based upon the allegations of said complaint, said final decree is a complete adjudication and determination of the character and extent of the community property belonging to them at the commencement of said action and establishes the status of all property belonging to them, or either of them, at the commencement of said action as to whether it is community or separate property. In support of this contention respondent relies upon the two cases of *Brown* v. *Brown*, reported in 170 Cal., at pages 1 and 8 [147 Pac. 1168, 1171], respectively, wherein the court held that where a plaintiff in a divorce action had alleged in her complaint that there was no community property and a default judgment had been entered in her favor based upon said complaint, she could not thereafter claim that certain property acquired by herself and husband prior to the filing of said complaint was community property. The court held in the second of said two cases, page 9 thereof, that "the judgment of divorce, based upon the complaint declaring that there was no community property, is a conclusive determination against the plaintiff that this property is not community property, and by said judgment she is estopped from claiming any interest whatever in this part of the estate of Brown." In that action it appeared that the property in question was an insurance policy issued upon the life of plaintiff's former husband, who had died after the entry of the final decree in said divorce action. Thereafter, Mrs. Brown, the plaintiff in said divorce action, instituted an action against the estate of her former husband and sought therein to recover from the estate a portion of the proceeds of said life insurance policy. The trial court denied any relief to plaintiff in said action and the supreme court affirmed the judgment. In the first of said cases, *Brown* v. *Brown, supra,* at page 5 thereof, Mr. Justice Shaw, speaking for the court, said:

"It is earnestly contended by the respondent that the final decree is of no force whatever upon the right of the plaintiff in the property of the husband. In this we think the plaintiff is mistaken. Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the com-

plaint. The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in his favor as well as those against him. The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint. The proceeding is equivalent to a statement by Brown to plaintiff that he did not object to a divorce for the cause alleged, based upon the theory that there was no community property existing at the time the action was begun. When judgment is rendered upon such a complaint and default, it becomes, in effect, a contract between the parties that the judgment shall be final with respect to everything properly embraced within the allegations of the complaint and in the prayer for relief. (1 Freeman on Judgments, sec. 330; *Hoh* v. *Hoh,* 84 Wis. 378 [54 N. W. 731].) Although the final decree is silent as to property, it nevertheless operates as an adjudication that at the time the action was begun there was no community property. (*Thompson* v. *McKay,* 41 Cal. 227; *Champion* v. *Woods,* 79 Cal. 17 [12 Am. St. Rep. 126, 21 Pac. 534].) ''

In the present proceeding we find that the trial court in the divorce action, following the allegations of the complaint therein, found that the parties thereto had acquired as community property the property described in said complaint, and in the final decree of divorce this property was awarded to the plaintiff in said action as community property. While the decree is silent as to any other property either of said parties may have then owned or have been interested in, yet we think from what was said in the case of *Brown* v. *Brown, supra,* that said decree operates as an adjudication that at the time said action was begun there was no other community property. Therefore, whatever other property either of said parties then owned or was interested in, in so far as its community character was concerned, was by said decree determined to be the separate property of the particular spouse in whose name it was then held. Not only would this be so from the reasoning of the court in *Brown* v. *Brown, supra,* but for other reasons as

well. Unless the property rights of the parties in a divorce action are conclusively settled by a decree like that rendered in *Welch* v. *Welch,* neither of the parties thereto would, after the rendition of such a decree, at least before the intervening of the statute of limitations, be certain as to his or her rights in any property owned at the commencement of the divorce action, except that described in the divorce proceedings, and either would be subject to the suit of the other to account for any or all property held by the former at the time of the commencement of said divorce action. The parties having had an opportunity to litigate the question as to what part or portion of their property is community property, and having actually, under proceedings in which all of the community property apparently was involved, obtained a final decree establishing and determining the respective rights of the parties to said community property, said decree must be held to be a conclusive determination of all the rights of said parties in and to not only the community property described therein, but in and to all property owned by either of them. This rule, of course, would not be applicable when the final decree makes no disposition whatever of the community property. In such a case the former spouses become tenants in common in the community property and their rights thereto could be determined in a subsequent action. (*Estate of Brix,* 181 Cal. 667, 676 [186 Pac. 135].)

Again referring to the second of the Brown cases, *supra,* where the court was referring to the life insurance policy and in which it was held that the judgment which described no property whatever, but which was based upon a complaint that there was no community property, was "a conclusive determination against the plaintiff that this property is not community property," then upon the same principle the judgment in the present action awarding to plaintiff all the property described in her complaint and claimed by her as community property is a conclusive determination as against plaintiff that the life insurance policy in the present action, not being mentioned in said final decree, is not community property. By its terms it was made payable to respondent in case he survived the twenty-year period mentioned therein. Being alive at the end of said period the proceeds thereof legally belong to him, and

the appellant by the judgment in the divorce action is estopped from claiming said proceeds or any part thereof.

[3] Appellant further contends that the evidence shows that after the divorce proceedings were terminated she paid all premiums falling due on the policy, and therefore the respondent is estopped from claiming that she has no interest therein. We are unable to see how the principle of estoppel can apply under these facts. Appellant undoubtedly had an interest in the policy during the time she paid the said premiums. Had respondent died before the expiration of said twenty-year period she would have been entitled to the face of said policy upon his death. It was to protect this right in part, at least, that she kept the premiums paid up, and the fact that respondent knew that she was making these payments and permitted her to do so cannot in any way be held to estop him from asserting whatever rights he may have under said policy when by the terms thereof they shall have matured.

The judgment is affirmed.

Richards, J., Seawell, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.