[Civ. No. 15386.   Second Dist., Div. Three.   Oct. 30, 1946.]

DOROTHY MARY WATTON, Respondent, v. GEOFFREY EARL WATTON, Appellant.

Milton M. Cohen and Jerome H. Kann for Appellant.

John Moore Robinson and Walter R. Powers for Respondent.

SHINN, J.—Plaintiff and defendant herein were formerly wife and husband respectively. On July 12, 1933, they entered into an agreement, by the terms of which defendant agreed to pay plaintiff during the remainder of her life or until her remarriage, 10 per cent of his gross earnings and receipts from investments, with a minimum of one English pound sterling ($4.02) per week. Defendant brought suit for divorce in the State of Nevada and on September 5, 1933, a decree was granted in his favor, containing provisions accepting and adopting the agreement as a part of the decree, and ordering defendant to provide plaintiff herein with support as specified in the agreement. The present action was commenced August 7, 1944. The amended and supplemental complaint alleged the making of the agreement and the granting of the Nevada decree which ordered defendant to make payments in accordance with the agreement. It alleged that defendant had received as earnings specific sums of money between September 19, 1939, and September 5, 1944; that he had wholly failed to pay any sums as provided in the agreement and the decree, and that there was accrued and unpaid thereunder the sum of $1,807.79, and it prayed for judgment in that amount. Findings and judgment were in accordance with the allegations of the amended and supplemental complaint. Defendant appeals.

It is the contention of defendant that plaintiff was not entitled to recover on the agreement because it was merged in the Nevada decree, citing *Hough* v. *Hough,* 26 Cal.2d 605

[160 P.2d 15]. He also contends that the Nevada court was without jurisdiction to approve the agreement and to order him to pay the sums stipulated therein, for the reason that the decree was in his favor and the court therefore could not order him to support plaintiff. Upon this proposition he cites *In re Nielsen,* 19 Cal.App.2d 305 [65 P.2d 360], and earlier cases which hold that the statutory law of California forbids the granting of support to an offending wife. Thus he reaches the conclusion that plaintiff can recover neither on the agreement·nor the decree, and hence that she cannot recover at all. He cannot, of course, escape from both, since his obligations under the contract could not be merged in the provisions of a void decree. The judgment, however, was upon the decree and sustains the jurisdiction of the Nevada court.

Upon the proposition that the Nevada court was without jurisdiction to incorporate the provision for support, defendant says: "Respondent, in the case at bar, as said before, did not present any proof to the effect that the Nevada Law gives the Court jurisdiction to award alimony to a guilty wife. There was no evidence at all tending to show what the law was in Nevada, and, in fact, the Nevada law was not mentioned by respondent at the trial of the cause. It follows that the rule prevailing in California on the subject is controlling. (*Wickersham* v. *Johnston,* 104 Cal. 407 [38 P. 89, 43 Am.St.Rep. 118].)" The presumption is that the court had jurisdiction. (Code Civ. Proc., § 1963, subd. 16.) The burden was upon appellant to show the contrary. Appellant states that he has been unable to find any reported decision of a Nevada court sustaining his contention, and he has not cited any statutory law of Nevada. The California cases, based upon our code provisions, have no application. In *Morrow* v. *Morrow,* 40 Cal.App.2d 474 [105 P.2d 129], the District Court of Appeal upheld the jurisdiction of the courts of Nevada, in awarding a husband a divorce, to direct support money to be paid to the wife. The factual situation there did not differ in any material respect from our own, and the arguments against jurisdiction were the same as those advanced by defendant herein. The court, in a well-considered opinion prepared by Mr. Justice Ward, in sustaining the jurisdiction of Nevada courts to award support to an offending wife, based its holding upon the general jurisdiction conferred upon those courts by the laws of Nevada. It was held that such an award may be made independently of any agreement of the parties

for such support. It is unnecessary to repeat what was said in reaching this conclusion. We are in full accord with that holding, and we are also in agreement with the further holding of the court that the principles of estoppel are available in defense of the decree and will operate to defeat attacks upon the jurisdiction of the court to award support. Estoppel is relied upon by the plaintiff in the present case, as it was in the Morrow case, and furnishes an independent defense to the attack upon the jurisdiction. It was said in that case (p. 485) : "A husband and wife in a divorce proceeding agreeing to an amount to be paid by the husband as support and maintenance are estopped in a subsequent proceeding from denying the scope given by a decree upon the stipulation. (*Dickey* v. *Dickey,* 154 Md. 675 [141 A. 387, 58 A.L.R. 634].)" (See, also, *Dean* v. *Dean,* 136 Ore. 694 [300 P. 1027, 86 A.L.R. 79; *Bledsoe* v. *Seaman,* 77 Kan. 679 [95 P. 576] ; 3 Freeman on Judgments (5th ed.) p. 2963.) Defendant's agreement, and the arrangement to have the terms of it carried into the decree, no doubt furnished inducement to plaintiff to allow defendant to procure a divorce by default. Having obtained the divorce, it would be most unfair, and a legal fraud upon plaintiff, for defendant to retain the advantage of the decree and to escape his obligation by denying the jurisdiction of the court to award plaintiff support.

At the inception of the trial defendant offered an amendment to his answer, pleading an act of the Parliament of Great Britain of September, 1939, which he states, "prohibits the filing of any action anywhere for the purpose of enforcing a judgment or claim for money except by permission of the High Court of Justice," and alleging that plaintiff had not obtained such permission to bring the present action. He argues that it appears from the agreement of the parties that plaintiff was at the date of the agreement a *resident* of Great Britain and that she is therefore subject to the laws of that country. The text of the act is not before us, and, so far as we can determine, it was not before the trial court, although it is said that it may be found in volume 32 of the Complete Statutes of England. The court denied permission to file the amendment and the ruling is assigned as error. We think plaintiff's right to sue in the California courts depends upon her compliance with the laws of this state. Defendant did not make proof of the English statute and we have not examined it. However, we do not see how he can expect to enjoy the

rights and privileges of residence in California, and the benefits of our laws, and claim immunity from suit upon his obligations under the laws of Great Britain, if, indeed, they purport to furnish him immunity.

Defendant did not plead that plaintiff had abandoned her rights under the judgment, but he argues that her failure to prosecute her claims for a period of some 10 or 11 years amounted to an abandonment of the same. Delay, alone, does not constitute abandonment.

Finally, defendant says that there is no basis in the evidence for the computation which resulted in the judgment for $1,807.79, but he ignores the allegation of his answer that within the five years immediately preceding the commencement of the action, namely, October 2, 1944, he earned $8,514.07. The court found that plaintiff was entitled to recover $4.02 per week for 300 weeks, exclusive of those weeks for which she was entitled to receive 10 per cent of defendant's earnings, and defendant points out no error in this finding. It was further found that defendant had received on certain dates earnings in the total amount of $5,897.90, and this finding is not challenged by appellant. The judgment is in substantial agreement with the findings, which, as we say, found defendant's earnings to have been less than the amount admitted in his answer. He is not aggrieved by the amount of the judgment.

The judgment is affirmed.

Desmond, P. J., and Wood, J., concurred.