[Civ. No. 17497. Second Dist., Div. Two. Nov. 16, 1950.]

FELIX J. WEIL, Appellant, v. HELEN K. WEIL, Defendant.

Pacht, Warne, Ross & Bernhard, Isaac Pacht and Rudolph Pacht for Appellant.

Francis C. Whelan, in pro. per., for Real Party in Interest.

WILSON, J.—This proceeding grows out of a divorce action entitled *Weil* v. *Weil*, No. 17327, *(Cal.App.) [224 P.2d 460] this day decided. Upon the trial the court granted an inter-

*A hearing was granted by the Supreme Court on January 11, 1951.

locutory decree of divorce to defendant and awarded her an attorney's fee in the sum of $6,000 payable in three installments of $2,000 each on or before 30, 60 and 90 days, respectively, after entry of the decree, such payments to be made directly to defendant's attorney, Francis C. Whelan. (Civ. Code, § 137.5.) The first installment was paid by plaintiff but before the second installment became due defendant appealed from the whole of the judgment. By reason of that appeal plaintiff refused to make further payments, taking the position that all parts of the judgment had been suspended by the appeal.

Upon application of Mr. Whelan the trial court ordered a writ of execution to be issued for the enforcement of the payment of the remaining sum of $4,000. Plaintiff appealed from the latter order.

Upon plaintiff's petition this court issued a writ of supersedeas to restrain the enforcement of the judgment for attorney's fees until the respective appeals from the judgment and from the order directing the issuance of a writ of execution should be finally determined. (*Weil* v. *Weil*, 97 Cal.App.2d 378 [217 P.2d 979].)

Defendant's appeal from the interlocutory decree of divorce has this day been decided (*Weil* v. *Weil*, No. 17327, *(Cal. App.) [224 P.2d 460]), in which we held that that portion of the interlocutory decree awarding attorney's fees on account of the trial is severable from the remainder of the decree and that such fees should be paid without regard to the result of defendant's appeal from the judgment. Mr. Whelan is entitled to payment of the portion of the fee remaining unpaid.

█ By reason of section 137.5 of the Civil Code the attorney for the party to a divorce action to whom attorney's fees have been awarded may enforce the judgment for his fees by levy of an execution therefor.

The order for the issuance of a writ of execution against plaintiff is affirmed. The writ of supersedeas heretofore issued is vacated and set aside.

Moore, P. J., and McComb, J., concurred.

---

*A hearing was granted by the Supreme Court on January 11, 1951.