[Civ. No. 14808. First Dist., Div. One. Feb. 20, 1952.]

HARRY BLUMENTHAL, Appellant, v. JEANETTE LIEB-
MAN, Individually and as Administratrix, etc., Re-
spondents.

Morris Oppenheim for Appellant.

Lloyd J. Cosgrove and Cosgrove, Molinari & Tinney for Respondents.

WOOD (Fred B.), J.—Plaintiff appeals from the judgment rendered against him in an action to recover from Jeanette Liebman, individually, and as administratrix of the estate of Ben Liebman, deceased, the rents, issues and profits of certain real property, which she had received during the period commencing October 18, 1945, and ending April 1, 1948.

The "entire case," as stated by appellant in his opening brief, "turns upon the construction of the judgment" in a former action, a judgment which had become final and was deemed by the trial judge determinative of the issues in this action.

In 1943 Ben Liebman and Jeanette Liebman, his wife, executed a deed, dated December 21, 1943, conveying this real property to Frank and Edna Rusalem, and placed the deed in escrow for delivery to the Rusalems upon the performance of certain conditions. Appellant succeeded to the rights and duties of the Rusalems. Ben Liebman died and Jeanette was appointed administratrix of his estate. December 10, 1945, appellant commenced an action (the "former action" mentioned herein) against the escrow holder, for delivery of that deed. Upon motion of the escrow holder, the deed was deposited with the clerk of the court, and Jeanette Liebman, as administratrix of the estate of Ben Liebman, was substituted for the escrow holder as defendant. By an amended and supplemental complaint, the plaintiff alleged he was "the owner and entitled to the possession" of the deed; that, without any

right whatsoever, defendant claimed some right or interest in or to the deed; and prayed for judgment ordering delivery of the deed to him, and for general relief. Defendant joined issue and alleged that she was owner and entitled to possession of the deed, and prayed judgment for its possession and for general relief.

The court, by its findings of fact, declared plaintiff the owner and entitled to the immediate possession of the deed, and, by its judgment ordered the clerk to deliver it to him forthwith. Defendant moved for a new trial. Upon the hearing of that motion, the court changed the provisions of paragraph II of the findings of fact, and modified the judgment in accordance with those changes. Paragraph II, as thus changed, reads as follows: ''That plaintiff is *upon payment by plaintiff to defendant of the sum of THIRTY-ONE THOU-SAND ($31,000.00) DOLLARS*, the owner and is entitled to the immediate possession of a certain deed executed *by BEN LIEBMAN and JEANETTE LIEBMAN, his wife*, on or about the 21st day of December, 1943, ~~by Ben Liebman and Jeanette Liebman, his wife, wherein and whereby~~ the *under which deed* said BEN LIEBMAN and ~~the said~~ JEANETTE LIEBMAN, *his wife*, granted and conveyed unto FRANK RUSELAM and EDNA RUSELAM, his wife, *that* certain real property situate, lying and being in the City and County of San Francisco, State of California, and bounded and ~~particularly~~ described as follows, *to wit*: . . .'' (Additions and deletions in effecting the changes are indicated by italics and strike-out type, respectively.)

It is clear that by this finding, as thus changed, the court found that plaintiff in the former action was not then the owner of the deed but would become the owner, and entitled to its possession, upon payment of the $31,000. The intent to so find is accentuated by changes which the trial judge made in the typewritten draft of the amendment to Paragraph II. That draft commenced with the words: ''That plaintiff is the owner and upon payment by plaintiff to defendant of the sum of THIRTY-ONE THOUSAND ($31,000.00) DOLLARS, is entitled to the immediate possession . . .'' The judge, by pen, struck out the words ''the owner and,'' and inserted them between ''DOLLARS,'' and ''is entitled,'' to read as first herein quoted.

In accordance with that concept, the judgment was modified to direct the clerk to deliver the deed upon payment of the $31,000. The pertinent portion of the judgment as

thus modified, reads as follows: "IT IS HEREBY OR-
DERED, ADJUDGED AND DECREED that the Clerk of
this Court, forthwith and without delay, *upon the payment
.by plaintiff to defendant of the sum of THIRTY-ONE THOU-
SAND ($31.000.00) DOLLARS,* deliver to HARRY BLU-
MENTHAL, Plaintiff herein, a certain deed hereinafter de-
scribed, *which deed was* heretofore, pursuant to an order of
Court made herein, ~~delivered and~~ deposited with *the* ~~said~~
Clerk *of this Court* by CALIFORNIA PACIFIC TITLE IN-
SURANCE COMPANY." (Additions and deletions in ef-
fecting the modification are indicated by italics and strike-out
type, respectively.)

That judgment, modified October 8, 1947, became final.
Neither party appealed.

By a writing dated March 29, 1948 (filed April 1, 1948,
with the clerk and placed in the records and files of that ac-
tion), the plaintiff acknowledged "receipt of deed pursuant
to the judgment rendered and entered herein." Appellant,
in his opening brief herein, states that defendant in the for-
mer action "received the entire sum of $31,000 and the clerk
thereupon delivered the deed to the property to the appellant"
herein.

The conclusion is inescapable that the judgment in the for-
mer action was a final determination that the plaintiff therein
did not then own the property which the deed upon delivery
would convey, and that delivery would not become due until
payment of the $31,000; that delivery became due and was
effected March 29, 1948; and that the plaintiff became the
owner of the property on March 29, 1948, not at any time
before.

The questions remain whether or not that determination was
material to issues in the present action; whom, if anyone, it
binds in the present action; and who, if anyone, may invoke
·it in the present action.

Appellant herein (plaintiff in the former action) commenced
the present action April 1, 1948. In his complaint herein he
alleges that ever since October 18, 1945, he has been "the
owner and entitled to all of the rents, issues and profits of cer-
tain real property" described in the complaint (the very
property described in the deed of December 21, 1943, and
in the judgment in the former action) ; that ever since Octo-
ber 18, 1945, respondents, without right and without appel-
lant's consent, have been collecting the rents, issues and profits
of that property, and hold the moneys so collected "as con-

structive or involuntary trustees for the use and benefit of'' appellant; that, though requested, respondents have failed to deliver those moneys to appellant or to render him an accounting thereof; and prays for judgment requiring respondents to deliver the moneys and to render appellant an accounting of all moneys collected. Respondents joined issue, denying all of the material allegations of the complaint.

Upon the trial, appellant sought to prove that on October 18, 1945, he fully performed all of the conditions of the escrow and thereupon became entitled to immediate delivery of the deed; that the delayed delivery was the fault of respondents, not his fault; hence, that he became the owner of the property on October 18, 1945, and entitled to all of the rents, issues and profits thereafter accruing. Respondents invoked the former judgment as determinative of the issue of ownership and the right to the rents, issues and profits. The court deemed the judgment determinative, found appellant neither the owner nor entitled to any of the rents, issues or profits described (prior to March 29, 1948), and rendered judgment for respondents. We have found no reason for disturbing that judgment.

Appellant claims the former judgment is not available to respondents because not pleaded in the present action. But the statute says a judgment must be pleaded ''if there be an opportunity to do so'' and ''if there be no such opportunity, the judgment . . . may be used as evidence.'' (Code Civ. Proc., § 1962, subd. 6.) Here, appellant's complaint tendered the question of the right to the rents, issues and profits, not specifically the ownership of the land upon which that right depended. Respondents joined issue in respect to that right and, in proof of it, at the trial invoked against appellant the estoppel of the former judgment as to ownership of the land. We do not see that they needed to have pleaded the judgment.

It is not unlike *Higuera* v. *Corea*, 168 Cal. 788 [145 P. 529], in which the Supreme Court approved similar use of a judgment ''as proof of the right of the defendant to the easement alleged in the answer.'' (P. 789.) ''When a prior adjudication is relied upon merely as conclusive evidence as to some fact constituting either matter of defense or an element of a cause of action and is not a complete bar to the action, the former judgment need not be pleaded. [Citations.]'' (*Gough* v. *Gough*, 101 Cal.App.2d 262, at 269 [225 P.2d 668].)

Moreover, if the opposite party fails to object when a judgment roll is offered in evidence, he thereby waives any

objection he may have, predicated upon a failure to plead the judgment. (See *Flandreau* v. *Downey*, 23 Cal. 354, 358; one of a number of early decisions cited by the Code Commissioners under § 1962, subd. 6, in II Code Civ. Proc., Annot., 1874, pp. 432-433.) The principle of waiver applies with special emphasis in the present action. Appellant himself introduced in evidence the entire file of the former action, including the complaint and answer, the findings of fact, the judgment, and the modification of the findings and the judgment. It hardly becomes him to object to respondents' use of his own evidence.

 Appellant further contends that estoppel by judgment is not available to respondents for lack of identity of parties and of issues in the two actions. Ownership of the real property is, as we have seen, an issue common to each. Appellant and the respondent administratrix were parties to the former action, in an adversary position, on that issue. Respondent Jeanette Liebman, in her individual capacity, was not a party to the former action. May she in her individual capacity invoke the bar of the judgment? The answer is "yes," furnished by *Bernhard* v. *Bank of America*, 19 Cal. 2d 807, at pages 811-813, paragraphs [4] and [5] [122 P.2d 892].

Appellant says that the "trial judge was apparently of the opinion that he was powerless to determine, in the face of the former judgment in the previous action, what matters were before the Court and actually adjudicated therein. It is well settled in this state, that extrinsic evidence is admissible to prove the issues involved by the prior judgment if they do not appear on its face." The answer is that the trial court and this court have made such use of the pleadings and other documents in the judgment roll and in the file of the former action as seemed indicated for an understanding and interpretation of the provisions of the judgment rendered in that action.

Appellant represents also that his rights "are the same as though the deed had been delivered to him on the date of its execution." The general rule is that when a deed is placed in escrow, it takes effect as a conveyance upon performance of the prescribed conditions and delivery by the depositary. (Civ. Code, § 1057.) Where "all of the conditions of the escrow have been performed and the grantee is entitled to possession of the deed, it may be deemed that the

title has passed.'' (*Hagge* v. *Drew*, 27 Cal.2d 368, 375 [165 P.2d 461].) That does not sanction relation back to an earlier date, such as the date of execution of the deed or of commencement of the escrow. (See *Holman* v. *Toten*, 54 Cal. App.2d 309, 313 [128 P.2d 808].) The doctrine of relation back is recognized as an exception to the general rule, and only when the circumstances are appropriate to its application. In *Miller & Lux, Inc.*, v. *Sparkman*, 128 Cal.App. 449 [17 P.2d 772], the ''agreement entered into between the parties'' showed it was their intention that the buyer, as a part of the purchase price, pay all taxes accruing after the date of execution of the instrument. Accordingly, said the court, ''to effect the intention and to do equity the passing of title under the deed will be held to relate back and to take effect as and of the date of the constructive or conditional delivery,'' the date the deed was placed in escrow. (P. 454; see, also, discussion of other types of circumstances in which the doctrine applies, at pp. 454-457.) We have found in the instant case no basis for applying the doctrine of relation back, in the face of the judgment rendered in the former action.

Appellant directs attention to the fact that paragraph I of the findings of fact in the former action adopted as true the allegations of certain paragraphs of the complaint and thereby found that the defendant in that action did not own the deed and was not entitled to its possession. That was quite consistent with the specific facts declared in paragraph II of the findings until amended. ■ After that amendment, any inconsistent provisions of paragraph I would necessarily yield. Besides, the defendant could lack a right to immediate possession of the deed quite consistently with a similar absence of right on the part of the plaintiff therein. ■ So long as the escrow remained open, neither party could successfully assert a right to immediate physical possession of the deed. ■ Also, the plaintiff could have prevailed only upon the strength of his own right, not upon the weakness, if any, of the defendant's right.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied March 21, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 17, 1952.