[Civ. No. 22076.   Second Dist., Div. Two.   July 29, 1957.]

BETTY LOU BARNICOAT SPURR, Respondent, v. MARY DOROTHY DANIELS, Appellant.

Jean Wunderlich for Appellant.

Hurley R. Talpis and Belle F. Siegel for Respondent.

RICHARDS, J. pro tem.*—The plaintiff sued to recover from defendant the plaintiff's alleged community property interest in the proceeds of certain insurance policies paid to

*Assigned by Chairman of Judicial Council.

the defendant Mary Dorothy Daniels, executrix of the estate of Howard John Barnicoat, deceased, upon the death of the plaintiff's divorced husband, Howard J. Barnicoat. Plaintiff had a judgment from which this appeal is taken.

The plaintiff and the decedent, Howard J. Barnicoat, were married in 1932, at which time she was named beneficiary on the policies of insurance involved, which had been purchased by him prior to their marriage. In August, 1946, the plaintiff filed suit for divorce in the State of Nevada against the decedent, in which she alleged, among other things, that there was no community property of the parties as a result of the marriage, and prayed for a dissolution thereof without seeking any relief as to alimony or property rights. Upon the request of her attorney, who represented to the decedent that she sought no relief except a decree of divorce, the decedent signed, and there was filed in the action, his personal appearance and consent to the entry of his default together with a waiver of further notice of proceedings. Upon the default hearing, the plaintiff testified that no community property had been accumulated, and the court thereafter made and entered its findings of fact which expressly found, among other things, that there was no community property as a result of the marriage. A decree of divorce was thereupon entered in favor of the plaintiff dissolving the marriage. The decree recites that ''all of the material allegations of the complaint are sustained by testimony free from all legal objections or exceptions as to its competency, admissability and sufficiency.''

In this action brought after the death of her former husband, the trial court found that during the marriage the parties accumulated certain community property and that all of the premiums on the insurance policies in question during the period of the marriage were paid out of community property; that prior to the filing of the Nevada divorce action, the plaintiff and her former husband entered into an oral property settlement agreement to divide, and that they did divide, their tangible community property. With respect to plaintiff's community property interest in the insurance policies, the court found that prior to the divorce the parties agreed that no settlement of plaintiff's rights therein would then be made but that the decedent would continue the policies in force with the plaintiff as the primary beneficiary thereof and in the event of a divorce and his subsequent remarriage he would be privileged to change the beneficiary upon the

payment to the plaintiff of her community property interest in the insurance policies; that plaintiff's community property interest in the policies was at no time adjudicated and that she owned an unrelinquished community property interest therein at the time of her former husband's death.

The defendant's principal contention is that the plaintiff is estopped by the Nevada divorce decree from now claiming any community property interest in the life insurance policy proceeds. With this contention we agree. ■ The applicable rule is stated in *Brown* v. *Brown,* 170 Cal. 1, at page 5 [147 P. 1168], as follows: "Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the complaint. ■ The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in his favor as well as those against him. The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint. The proceeding is equivalent to a statement by Brown to plaintiff that he did not object to a divorce for the cause alleged, based upon the theory that there was no community property existing at the time the action was begun. ■ When judgment is rendered upon such a complaint and default, it becomes, in effect, a contract between the parties that the judgment shall be final with respect to everything properly embraced within the allegations of the complaint and in the prayer for relief. (1 Freeman on Judgments, § 330; *Hoh* v. *Hoh,* 84 Wis. 378 [54 N.W. 731].) Although the final decree is silent as to property, it nevertheless operates as an adjudication that at the time the action was begun there was no community property. (*Thompson* v. *McKay,* 41 Cal. 227; *Champion* v. *Wood,* 79 Cal. 17 [12 Am.St.Rep. 126, 21 P. 534].)"

A companion appeal in *Brown* v. *Brown* (170 Cal. 8) involved the division of the proceeds of a life insurance policy belonging to the estate of the deceased husband and which was owned by him prior to the divorce, and as to the plaintiff's rights in such proceeds the court said at page 9: "[T]he judgment of divorce, based upon the complaint declaring that there was no community property, is a conclusive determina-

tion against the plaintiff that this property is not community property, and by said judgment she is estopped from claiming any interest whatever in this part of the estate of Brown.''

The rule of the Brown cases as to insurance proceeds has been followed in *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312 [260 P. 545], and *Maxwell* v. *Maxwell,* 66 Cal.App.2d 549 [152 P.2d 530]. The same rule has been applied as to other alleged undistributed community property in *Lindley* v. *Hinch,* 57 Cal.App.2d 717 [135 P.2d 421], and *Christiana* v. *Rose,* 100 Cal.App.2d 46 [222 P.2d 891].

Respondent argues that the rule of estoppel does not here apply for the reason that it does not appear that the community property rights of the parties were adjudicated in the Nevada divorce proceedings. In our opinion all of the elements necessary to give rise to an adjudication of the nonexistence of community property are disclosed in that proceeding. Plaintiff here, as against whom the estoppel is urged, was plaintiff in the divorce action; her complaint alleged that there was no community property; the defendant husband, at plaintiff's attorney's request, filed an appearance and consent to default thereby giving the court personal jurisdiction over both parties; plaintiff testified that there was no community property; the court made an express finding of fact that there was no community property and the decree found that the allegations of the complaint, including the allegation of no community property, were established by the evidence. *Estate of Williams,* 36 Cal.2d 289 [223 P.2d 248, 22 A.L.R.2d 716], makes an exhaustive analysis of the doctrine of collaterial estoppel by divorce decrees, and that opinion distinguishes most of the authorities upon which respondent relies from the Brown case. No useful purpose would be served by encumbering this opinion with a repetition of the Supreme Court's opinion. *Sidebotham* v. *Robison,* 216 F.2d 816, relied upon by respondent, held that there was no estoppel as the defendant had been served only by substituted service. The court, however, went on to say at page 825: ''All we have in this case is a statement in a pleading that there was no community property. Such admission has no binding effect whatsoever unless the pleading was *personally* served on the opposite spouse. When there is personal, not substituted, service, it is assumed by the court that the allegation *induced* nonappearance, and the finding that there is no community property is considered a contract. *Brown* v. *Brown* (1915), 170 Cal. 1 [147 P. 1168].'' We

conclude that under the facts here shown there was unquestionably an adjudication in the Nevada proceedings of the nonexistence of community property.

Respondent, having invoked the jurisdiction of the Nevada court by asking for and receiving its adjudication that there was no community property of herself and her husband, now insists that the court had no jurisdiction to pass upon the issue so tendered by her and admitted by the husband's personal appearance and consent to entry of default. ■ While, of course, the Nevada court would have had no authority to make a decree distributing community real property situated outside of Nevada (*Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]), it had personal jurisdiction of both parties to the proceeding, and we do not question its jurisdiction to adjudicate all of the issues tendered by the complaint including the issue of the nonexistence of community property. ■ Moreover, the plaintiff herein, having induced the decedent to enter a personal appearance in the Nevada proceedings so as to enable her to secure a default decree based upon a complaint in which she alleged that there was no community property, is now estopped from denying the jurisdiction of the Nevada court to pass upon that issue (*Morrow* v. *Morrow*, 40 Cal.App.2d 474, 485 [105 P.2d 129]; *Watton* v. *Watton*, 76 Cal.App.2d 669, 671 [173 P.2d 867]).

Respondent advances the further contention that the Nevada decree does not constitute an estoppel for the reason that prior to its rendition the parties had contracted with respect to the disposition of their community property including her community property in the life insurance proceeds, and therefore her interest in such policies at the time of the divorce was not a community property interest. This contention advanced on appeal by respondent is untenable as it is diametrically opposed to the allegations of her complaint herein and the findings of the court that no settlement of her community property interest in the policies was made by the alleged property settlement agreement and the further allegation and finding that she has never been compensated for her community property interest in such policies. ■ It is quite apparent that plaintiff's action is predicated upon the theory of her present right to recover a community property interest in the policies undisposed of at the time of the divorce, and it is a well-recognized rule that when a case has been tried on one theory, that theory must be adhered to in the reviewing court.

In answer to respondent's contention that the issue of estoppel by a prior adjudication cannot be raised in this appeal, we need only point out that her complaint alleges there was no prior adjudication of her community property rights in the insurance policies which necessarily placed the effect of the Nevada proceedings directly in issue without the necessity of a plea of res judicata. ■ Moreover, "[w]hen a prior adjudication is relied upon merely as conclusive evidence as to some fact constituting either matter of defense or an element of a cause of action and is not a complete bar to the action, the former judgment need not be pleaded" (*Gough* v. *Gough*, 101 Cal.App.2d 262, 269 [225 P.2d 668]). (See also *Blumenthal* v. *Liebman*, 109 Cal.App.2d 374, 378 [240 P.2d 699] ; and *Higuera* v. *Corea*, 168 Cal. 788 [145 P. 529].)

Judgment reversed.

Moore, P. J., and Ashburn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 25, 1957.