343 P.2d 135]

[Civ. No. 18338.   First Dist., Div. One.   Aug. 11, 1959.]

WILLIAM MULLER, Appellant, v. CHARLES REAGH, Respondent.

William Muller, in pro. per., for Appellant.

Charles Reagh, in pro. per., for Respondent.

WAGLER, J. pro tem.*—We have before us now the third appeal taken by plaintiff in the case of *William Muller* v. *Charles Reagh and Lelah Muller*. Lelah Muller was at one time the wife of the plaintiff. As the result of a previous successful appeal herein (*Muller* v. *Reagh,* 150 Cal.App.2d 99 [309 P.2d 826]), appellant Muller recovered a judgment against the defendants for costs on appeal. In *Muller* v. *Reagh,* 170 Cal.App.2d 151 [338 P.2d 601] this court affirmed an order reducing the amount thereof from $262 to $91.50.

On December 7, 1954, the Superior Court of the City and County of San Francisco in the case of *Muller* v. *Muller* entered a final decree of divorce in favor of Lelah Muller and against William Muller. Said decree contained an order directing William Muller to pay Charles Reagh, Mrs. Muller's attorney, the sum of $500 as counsel fees.

On July 30, 1957, defendant Reagh filed in the instant action a motion pursuant to section 688.1 of the Code of Civil Procedure, for a lien upon the heretofore mentioned judgment for costs. On October 14, 1957, the motion was argued and appellant's affidavit in opposition thereto was admitted in evidence. Thereafter the court entered its order granting respondent a lien. It is from this order that plaintiff has appealed. The appeal comes before us upon a settled statement and the judgment roll.

The order appealed from reads as follows:

"It appearing that the defendant herein CHARLES REAGH has obtained a judgment against the plaintiff herein, William Muller, in the sum of $500 in action number 417895 in the Superior Court of the State of California, in and for the city and county of San Francisco, his motion for a lien on the judgment herein for costs on appeal obtained by the plaintiff William Muller against the defendant Charles Reagh is hereby granted."

Respondent contends that an order made pursuant to Code of Civil Procedure, section 688.1, is not appealable. This contention, however, is disposed of by the case of *McClearen* v. *Superior Court,* 45 Cal.2d 852 [291 P.2d 449], which holds to the contrary.

---

*Assigned by Chairman of Judicial Council.

Appellant's opening brief sets forth more than 20 pages of "arguments and propositions." His "arguments" are prolix and repetitious; his "propositions" are obscure and obtuse.

■■ His first contention seems to be that because the divorce decree upon which respondent based his lien was not formally offered and received in evidence at the hearing on the motion, the order is entirely unsupported by the record. According to the record before us, when respondent filed his notice of motion he also filed points and authorities and a certified copy of the final decree entered in the case of *Muller* v. *Muller,* San Francisco action Number 417895, which decree ordered appellant herein to pay respondent herein $500 as and for counsel fees. In his notice of motion respondent stated: "Said motions will be based on all the files and records of this court in this case. . . ." When filed, for purposes of the motion at least, the certified copy of the divorce decree became a part of the records in the case. ■■ There is no requirement that a motion be supported by affidavits, as appellant contends, provided it is otherwise supported by the record (see *Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal.App.2d 265 [193 P.2d. 53]), and a court may take judicial notice of the contents of its own records. (18 Cal.Jur.2d, § 53, p. 471.)

It is clear from the record before us that the merits of the motion were argued and that the appellant's affidavit in opposition thereto, as well as the divorce decree, in the case of *Muller* v. *Muller,* were considered by the court. Under such circumstances we find no merit in appellant's first contention.

■ Appellant complains because the divorce decree was not formally offered in evidence. He asserts that he was thereby deprived of his right to object thereto. Section 1905 of the Code of Civil Procedure provides that "A judicial record of this State . . . may be proved by the production of the original, or by a copy thereof, certified by the Clerk or other person having the legal custody thereof." The record before us shows that the copy of the divorce decree was properly certified; it was therefore admissible in evidence. We can hardly be expected to reverse an order merely for the purpose of affording a party an opportunity to make an objection which would only be overruled.

Appellant's major "proposition" appears to consist of a collateral attack upon the divorce decree which, of course, is the foundation upon which the lien is based. In his affidavit "In Opposition To Motion For Lien" he alleges that he was never served with summons in the divorce action; that he has

never made a general appearance therein; that said decree is void; that he owes respondent no money; that respondent was not a party to the case of *Muller* v. *Muller*; that in said action he was never ordered to pay respondent $500 or any other sum and that any such order if existent is void, etc. Appellant apparently contends that since respondent did not file a counter-affidavit denying these allegations, that all of such allegations must be accepted as true, and that same are binding upon the trial court. Fortunately this is not the law.

The rule is well established that a judgment of a court of general jurisdiction is presumed to be valid, i.e., the court is presumed to have jurisdiction of the subject matter and the person, and to have acted within its jurisdiction. The judgment need not recite the jurisdictional facts nor need the party relying upon such judgment plead or prove such facts. The burden is upon the party who attacks the judgment to show lack of jurisdiction. (Code Civ. Proc., § 1963, subd. 16; *People* v. *d' A Philippo*, 220 Cal. 620 [32 P.2d 962]; *Johnson* v. *Canty*, 162 Cal. 391 [123 P. 263]; *McHatton* v. *Rhodes*, 143 Cal. 275 [76 P. 1036, 101 Am.St.Rep. 125]; *Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789]; *Whitlow* v. *Superior Court*, 87 Cal.App.2d 175 [196 P.2d 590]; *In re Kyle*, 77 Cal. App.2d 634 [176 P.2d 96]; *Watton* v. *Watton*, 76 Cal.App.2d 669 [173 P.2d 867].)

When, as in the instant case, a collateral attack is made upon a judgment, the showing of lack of jurisdiction is ordinarily confined to the judgment roll. Here the appellant did not produce the judgment roll in the San Francisco action; the final judgment only was before the court. Since no jurisdictional defect appears upon the face of the decree the presumption of jurisdiction must be held to be conclusive. (*Kaufmann* v. *California Mining etc. Syndicate*, 16 Cal.2d 90 [104 P.2d 1038]; *Estate of Wise*, 34 Cal.2d 376 [210 P.2d 497]; *Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 P. 880]; *Hogan* v. *Superior Court*, 74 Cal.App. 704 [241 P. 584].)

Appellant also contends that the order which directs the payment of attorney's fees directly to the attorney for the wife is void. He cites *Keck* v. *Keck*, 219 Cal. 316 [26 P.2d 300], and similar decisions. Since the amendment of the Civil Code (see Civ. Code, §§ 137.3, 137.5) these decisions are no longer authoritative (see *Weil* v. *Weil*, 100 Cal.App.2d 472 [224 P.2d 471]).

Finally appellant appears to contend that respondent

in effect is using his order for attorney fees only as a set-off against the judgment rendered against himself and Mrs. Muller for costs in the instant case, and that this is not permissible because the right of set-off exists only when the parties hold mutual cross-demands which is not here the case. This fact would appear to have no bearing upon respondent's right to seek a lien under Code of Civil Procedure, section 688.1. In *McClearen* v. *Superior Court*, 45 Cal.2d 852, 856 [291 P.2d 449], it is said: "The section is remedial in nature and should be liberally construed to give effect to the remedy which it authorizes. (Code Civ. Proc., § 4; *Finance & Construction Co.* v. *City of Sacramento*, 204 Cal. 491, 493 [269 P. 167]; *Cullerton* v. *Mead*, 22 Cal. 95, 98; see 23 Cal.Jur. 801.)" According to the record before us respondent has a valid judgment which he is entitled to enforce by execution (*Weil* v. *Weil*, 100 Cal.App.2d 472 [224 P.2d 471]). He is therefore entitled to make use of the procedure provided for in section 688.1. The identity of the party or parties against whom his debtor seeks relief or has already procured a judgment would appear to be immaterial. Other "propositions" advanced by appellant are too tenuous to warrant comment.

The order is affirmed.

Bray, P. J., and Tobriner, J., concurred.