**CITY OF ASBURY PARK, N. J., et al. v. CHRISTMAS et al. ***

No. 5823.

Circuit Court of Appeals, Third Circuit.

July 22, 1935.

*Writ of certiorari denied United States ex rel. Christmas v. City of Asbury Park, 56 L. Ed. 147, 80 L. Ed. —.

1004

See, also, (D. C.) 10 F. Supp. 22.

Wm. A. Stevens, of Red Bank, N. J., Walter Taylor, of Asbury Park, N. J., and E. J. Dimock, of New York City (Arnold Frye, C. O. Donahue, and C. R. Peterson, all of New York City, of counsel), for appellants.

Arthur T. Vanderbilt, of Newark, N. J. (David M. Wood, John B. Dawson, and Thomson, Wood & Hoffman, all of New York City, of counsel), for appellees.

McDermott, Enright & Carpenter, of Jersey City, N. J. (James D. Carpenter, Jr., of Jersey City, N. J., of counsel), for Rippel and others.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

Assuming for present purposes the power of the court below in ordinary cases to issue a writ of mandamus upon a municipality to aid a judgment creditor in enforcing such judgment, it still remains the law, as stated by the Supreme Court of the United States in Duncan Townsite Co. v. Lane, 245 U. S. 308, 311, 38 S. Ct. 99, 101, 62 L. Ed. 309, that: "Mandamus is an extraordinary remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. It issues to remedy a wrong, not to promote one; to compel the performance of a duty which ought to be performed, not to direct an act which will work a public or private mischief or will be within the strict letter of the law but in disregard of its spirit."

After due consideration, we are of opinion that sound judicial discretion does not warrant the exercise of such power at this time. In view of the efforts that are being made—we assume in good faith —by this municipality to provide to the limit of its power for the equality of treatment to all bondholders, we vacate the

mandamus order granted, but direct the court to retain jurisdiction of the petition for the present.