312

PUEBLO TRADING CO. v. EL CAMINO
IRR. DIST. et al.

No. 11798.

Circuit Court of Appeals.
Ninth Circuit.

July 26, 1948.

Concurring and Dissenting Opinion
Aug. 10, 1948.

Rehearing Denied Sept. 7, 1948.

DENMAN, Circuit Judge, dissenting in part.

W. Coburn Cook, Turlock, Calif., for appellant.

Edmund M. Moor, Dist. Atty., of County of Tehama, of Red Bluff, Cal., for appellees Board of Sup'rs and County Assessor.

L. C. Smith, of Redding, Cal., and Stephen W. Downey, Ralph R. Martig and Downey, Brand, Seymour & Rohwer, all of Sacramento, Cal., for all other appellees.

Before DENMAN, HEALY and BONE, Circuit Judges.

HEALY, Circuit Judge.

In 1945 appellant obtained a default judgment against El Camino Irrigation District for money owing on outstanding bonds of the district. The judgment further directed that the assessments needful to pay it be made by the district's board, and that in the event the latter failed to act the Board of Supervisors of Tehama County make provision for payment by the levy of assessments in the manner prescribed by Division 11 of the Water Code of the State of California. In the respects last mentioned the judgment went beyond the prayer of the complaint. The county supervisors having taken no action, appellant brought contempt proceedings against them and the county assessor, appellees here. Its sworn petition prayed "that an order be issued citing the supervisors and the aforesaid named officers of the County of Tehama to show cause before this court why they should not be punished for contempt of court for failure to carry out the orders of this court; and that such further order be made in the premises as will insure provision for payment of said judgment by levy and collection of taxes and assessments on the lands of said district as provided by law."

The county officials demurred to the petition on the grounds (1) that the order directing them to make the levy was void because beyond the prayer of the complaint, (2) that none of them had been made parties to the suit or in any manner brought before the court, and (3) that it did not appear from the petition that appellant has pursued the remedy provided by §§ 26550 to 26553 of the California Water Code.[1] The court sustained the demurrer and dis-

[1] The district attorney of Tehama County also filed in the proceeding his personal affidavit embodying a letter of the attorney general of the state commenting on the serious economic consequences of an enforced levy and calling attention to a decision of a state court bearing on the subject.

missed the proceeding.[2] On the appeal it is claimed that the ruling was error.

We think otherwise. The demurrer (properly treated by the court as a motion to dismiss) was well taken. The order directed toward the county officials went beyond the scope of the complaint, and to that extent the judgment, being by default, was a nullity. Metropolitan Life Ins. Co. v. Welch, 202 Cal. 312, 260 P. 545. Again, these officials had not been made parties to the action against the district and were given no opportunity to be heard in it, notwithstanding they were entitled, under the state law, to urge equitable defenses to a demand that they levy assessments. El Camino Land Corp. v. Board of Supervisors of Tehama County, 43 Cal.App.2d 351, 110 P.2d 1076.

No error appearing, the judgment of dismissal is affirmed.

DENMAN, Circuit Judge (concurring and dissenting).

I concur in the affirmance of the order of the district court which reads "The contempt proceeding is dismissed," but dissent from the court going afield from the single issue presented by the appeal from that order and erroneously denying the right to the appellant bondholder to have considered its plea for execution on the judgment of the court below in the ancillary mandamus proceeding it brought.

The punishment for a past contempt is an entirely distinct proceeding from the mandamus proceeding sought requiring *future* action.

This mandamus proceeding was prayed for in that portion of the motion for an order to show cause which reads, "that such further order be made in the premises as will insure provision for payment of said judgment by levy and collection of taxes and assessments on the lands of said district as provided by law." The district court recognized that this ancillary relief so was sought and in its order to show cause ordered cause be shown "why such further order in the premises should not be made as will insure the levy and collection of assessments for the satisfaction of the judgment herein."

The district and the supervisors and the assessor of Tehama County recognized this as an ancillary proceeding in mandamus in the nature of an execution and in their pleading in opposition alleged in their defense the following facts:

"That the Board of Supervisors and the officers of Tehama County are of the opinion that it would be inequitable to levy an assessment based upon this judgment of $50,000.00 when as a matter of fact, there are other outstanding bonds and interest on bonds in a far greater sum than is involved in this suit.

"That in their opinion to levy an assessment at this time for the entire outstanding indebtedness would fly directly in the face of the controlling law on this subject as announced in the case of El Camino Land Corporation v. The Board of Supervisors of Tehama County, 43 Cal.App.2d 351, 110 P.2d 1076, and City of Asbury Park v. Christmas, 3 Cir., 78 F.2d 1003, in which cases the Court held Writs of Mandate were denied solely because to have enacted the assessment would have produced economic chaos and would have been inequitable.

"Wherefore your affiant prays that the Order to Show Cause heretofore issued in the above entitled matter be denied."

Issue was thus joined on the motion for such ancillary execution. So far as we are advised that proceeding is still pending before the lower court. I am unable to understand why an issue so joined becomes no issue at all by applying the word "peremptory" as used in the second footnote to the court's opinion.

On the appeal here it was agreed that there were two matters before the lower court, one for the past contempt decided by the above order and another for future action, the mandamus proceeding for execution of the judgment in favor of the bondholder. The brief of the district and county officers argues that the relief by ancil-

---

[2] Appellant's petition stated but one cause, namely, for peremptory relief predicated on an asserted contempt. We have not considered and do not decide what other form of relief, if any, appellant may be entitled to.

lary mandamus should not be granted, not because it was not at issue before the court but because "Section 26553 of the Water Code provides a remedy for the enforcement of the levying and collection of assessments. Pursuant to this section appellant should have made a complaint to the Attorney General of the State of California. Until appellant has exhausted its legal remedies, it is not entitled to relief by mandamus. City of San Diego v. Andrews, 195 Cal. 111, 120, 231 P. 726; McMurtrey v. Clark, 81 U.S.App.D.C. 294, 157 F.2d 703, 704." Neither of the cases cited is a contempt proceeding.

Their brief again recognizes the difference between the contempt portion and the mandamus portion of the relief sought by the bondholder and concludes with the following: "It is respectfully submitted that the Court below did not err in dismissing the *contempt proceeding.*

"The members of the board of supervisors and the county assessor respectfully *request* that the Court do not make any order *requiring them to levy an assessment pursuant to the applicable provisions of the Water Code of the State of California, unless the Court has first afforded them an opportunity to present the material facts regarding the levy and has carefully considered those facts."* (Emphasis supplied.)

It has long been established that the federal courts have the power to grant execution of such a bondholder's judgment against such officers but not, as has been contended, by a plenary mandamus proceeding.

Unlike the State of California, where the trial courts have the power to issue the writ of mandamus in a plenary suit against the district, the federal court has no power to entertain such plenary proceedings. This has been held in a long line of cases beginning with Bath County, Kentucky v. Amy, 13 Wall. 244, 249, 250, 251, 20 L.Ed. 539, followed by Heine v. Levee Commissioners, 19 Wall. 655, 660, 665, 22 L.Ed.

223, and Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743, a diversity case from the State of California, citing many other cases to the same effect. That the federal courts in a diversity proceeding such as this have the power in an ancillary proceeding to issue the writ as a form of execution for the bondholder's judgment is held in Riggs v. Johnson County, 6 Wall. 166, 198, 18 L.Ed. 768.

In Meyer v. City of Eufaula, Oklahoma, 10 Cir., 132 F.2d 648, 652, the distinction between the state's plenary and federal ancillary mandamus proceeding is fully stated. See also Huddleston v. Dwyer, 10 Cir., Oct. 25, 1944, 145 F.2d 311, 315. This circuit so held in Board of Sup'rs of Riverside County v. Thompson, 9 Cir., 122 F. 860, 862.

In such an ancillary proceeding the board of supervisors and the county officers served, as here, with such an order to show cause, may present such defenses as in the cases of El Camino Land Co. v. Board of Supervisors of Tehama County, 43 Cal. App.2d 351, 110 P.2d 1076, and City of Asbury Park v. Christmas, 3 Cir., 78 F.2d 1003, and such other defenses under the California statutes or otherwise they deem advisable.

Upon Petition for Rehearing.

Rehearing denied.

DENMAN, Chief Judge (dissenting).

The petition for rehearing should be granted. If the language of the order to show cause "why such further order in the premises should not be made as will insure the levy and collection of assessments for the satisfaction of the judgment herein" does not provide for an ancillary proceeding for execution of appellant's judgment, no language can provide for such execution. If this be the law, the appellant's judgment is unenforceable by execution and is destroyed.