20140

Betty G. HOPKINS, Respondent, v. Jesse A. HOPKINS, Appellant.
(221 S. E. (2d) 113)

24

*Messrs. Weinberg, Bryan, Warner & Brown,* of Sumter, for *Appellant,*

*George M. Stuckey, Jr., Esq.,* of Bishopville, *for Respondent,*

December 31, 1975.

Moss, Acting Associate Justice:

Betty G. Hopkins, the respondent herein, commenced this action against her husband, Jesse A. Hopkins, the appellant herein, by the service of a Summons and Complaint upon him, on October 31, 1973, seeking a divorce, *a vinculo matrimonii,* on the ground that they had lived separate and apart for a period of three years. Section 20-101(5) of the Code.

The respondent alleged in her complaint that she and her husband were married on May 20, 1959, and that no children were born of this marriage; that they separated on July 7, 1970 and have since lived separate and apart. She further alleges that "she is entitled to a divorce . . . on the statutory ground of separation for a period of more than three (3) years." The prayer of her complaint is for a divorce on the ground stated. This was the sole relief sought. There was no mention of alimony in the complaint, or demand that such be awarded to her.

The appellant did not file an answer to the complaint and was in default.

This case was referred to the Master in Equity for Lee County who, after a hearing, filed his Report wherein he recommended:

(1) That the respondent be granted a divorce, *a vinculo matrimonii,* from the appellant on the statutory ground of three (3) years continuous separation; and

(2) That the appellant convey his interest in the house and furniture at St. Charles Road, Bishopville, S. C., to the respondent in lieu of alimony.

The Report of the Master in Equity was filed in the Office of the Clerk of Court for Lee County on October 23, 1974. No exceptions to this Report were filed and by a Decree, dated November 2, 1974, the Honorable Dan F. Laney, Jr., Resident Judge of the Third Circuit, confirmed the Report and ordered the appellant to convey the property in question to the respondent as recommended by the Master.

The appellant refused to convey to the respondent his interest in the house and furniture as ordered and required by the Decree of Divorce. The respondent, upon such refusal, secured an order of the Court requiring the appellant to show cause why he should not be held in contempt for refusing to convey his interest in house and furniture as required by the Decree. The appellant, by Petition and Notice, requested the Court to vacate so much of the Decree as required the conveyance by him of the house and furniture upon the ground that he had no notice "by the pleadings", that the respondent was claiming any alimony or a conveyance of the property in question as such. He further asserts that if he had known of any such claim he would have answered and contested the respondent's right thereto. He further alleges that the award of alimony was illegal, unlawful and void.

A hearing was held by the Honorable Dan F. Laney, Jr., upon the Rule to Show Cause and the Petition and Notice of the appellant. Thereafter, he issued his order finding the appellant to be in contempt for failure to comply with the Decree of Divorce and directed the Sheriff to arrest and confine the appellant to jail until he executed a fee simple deed conveying the house and furniture to the respondent.

This appeal followed. A member of this Court granted a *supersedeas* staying the execution of the Orders of the Trial Judge pending this appeal.

It is the position of the appellant that the Trial Judge was in error in not vacating that portion of Divorce Decree, which required him to convey the house and furniture to the respondent, in lieu of alimony, when no notice thereof was given him.

Our statute, section 10-1506 provides:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint . . .."

A Default Judgment rendered contrary to statute providing that relief granted to a plaintiff, if there is no answer, cannot exceed that demanded in her complaint, is irregular. A defendant who is in default for a failure to answer has the right to assume that the judgment will be limited to the cause of action stated in the complaint. *Pruitt v. Taylor,* 247 N. C. 380, 100 S. E. (2d) 841. 47 Am. Jur. (2nd), Judgments, sections 1175-1176, at pages 198-199; 49 C.J.S. Judgments § 214b(1) and (2), p. 378.

If the complaint states facts which entitled plaintiff only to a certain kind of relief, or to relief only to a certain extent, a judgment by default, giving a different kind of relief, or relief to a greater extent, is without authority of law, and cannot be sustained. *Gadsden v. Home Fertilizer and Chemical Co.,* 89 S. C. 483, 72 S. E. 15; *Williams et al. v. American Ry. Express Co.,* 118 S. C. 121, 110 S. E. 125.

The lower court on default has jurisdiction to render any judgment which plaintiff is entitled under the relief demanded in the Complaint. *McMahon v. Pugh,* 62 S. C. 506, 40 S. E. 961.

The complaint in this case fails to state any facts necessary to entitle the plaintiff to a conveyance of the house and furniture in lieu of alimony. It was

error for the lower court to so decree, and that portion thereof, for the reasons stated, was without authority of law and cannot be sustained.

The judgment of the lower court directing the appellant to convey his interest in the house and furniture to the respondent in lieu of alimony, and holding him in contempt for not so doing is,

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, J.J., concur.