(643 P.2d 1150)
No. 53,411

SHELA J. SWEETSER, (JOYCE V. JACKSON, *Intervenor*) *Appellee*, v.
MICHAEL H. SWEETSER, *Appellant*.

Opinion filed April 29, 1982.

*Hugh R. McCullough,* of Topeka, for the appellant.

*Arvid V. Jacobson,* of Robertson & Jacobson, Chtd., of Junction City, for the appellee.

Before FOTH, C.J., presiding, TERRY L. BULLOCK, District Judge, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BULLOCK, J.: This is an appeal from a trial court denial of Michael H. Sweetser's motion seeking (1) relief from the default severance of his parental rights, (2) restoration of his parental rights and (3) custody of his minor children. The material facts are not in dispute.

On October 18, 1978, Shela J. Sweetser was granted a divorce from Michael J. Sweetser on the grounds of incompatibility. In that action, Shela was granted custody of the minor child born to the parties during the marriage and the two minor children of

Shela's earlier marriage, both of whom had been adopted by Michael.

In April, 1980, Shela filed a motion requesting that custody of the minor children be changed to their maternal grandmother, Joyce V. Jackson. The motion was accompanied by an affidavit which alleged that Shela was incapacitated by illness and that Michael was physically handicapped, had a recent history of emotional difficulties and was, as a result, also unable to care for the minor children.

In response to Shela's motion, the trial court entered an ex parte interlocutory order granting temporary custody to Joyce Jackson and directing summons and notice of hearing on the change of custody motion be sent to Michael, at an address in Illinois, by restricted mail. Because the court also found that Michael might have moved to Florida, a notice of hearing was also required to be published pursuant to K.S.A. 38-1305 and K.S.A. 60-307(*e*) and (*f*). Neither the motion nor the affidavit attached to it requested that the defendant's parental rights be terminated.

On May 29, 1980, the motion for change of custody was heard by the trial court. Shela appeared through her attorney and Joyce V. Jackson appeared in person. Michael did not appear. The court's order indicates that no evidence was presented, other than the affidavit referred to above. On this record, the trial court found both parents unfit to have custody of the minor children and ordered their parental rights terminated. The court then granted custody of the minor children to their maternal grandmother, Joyce V. Jackson.

In March, 1981, Michael filed a motion seeking (1) relief from the default severance of his parental rights, (2) restoration of his parental rights and (3) custody of his children. On June 3, 1981, the trial court held that its order of May 29, 1980, transferring custody of the minor children to Joyce V. Jackson, was not modifiable under the doctrine of res judicata and overruled the motion.

From this order Michael has appealed. At oral argument, we were advised that, subsequent to the proceedings in the trial court, Shela died. Joyce V. Jackson, the children's grandmother and custodian under the May 20, 1980, order, is now substituted as appellee here on her counsel's motion to intervene.

Michael raises two points for our review on appeal.

1. Michael's first point constitutes an attack upon the May 29, 1980, order terminating his parental rights. In this connection, Michael argues that he was not adequately notified concerning the motion. Specifically, he does not claim the mode of service was improper (see K.S.A. 38-1305) but rather that the notice apprised him of a motion only to change custody and not to terminate his parental rights. The point is well taken.

Shela's motion was entitled Motion for Change of Custody, and although it requests determination of the "fitness" of the parents, *it does not request termination of parental rights.* Clearly, the trial court, under 60-1610(*a*) could have found both parents unfit and awarded custody to a third party *without terminating the parents' rights.* See *Finney v. Finney,* 201 Kan. 263, 440 P.2d 608 (1968). In our view, therefore, merely informing defendant that "fitness" would be determined, did not apprise him that his parental rights might be terminated. A parent's right to custody is constitutionally protected. *Stanley v. Illinois,* 405 U.S. 645, 31 L.Ed.2d 551, 92 S.Ct. 1208 (1972). The right to adequate notice in judicial proceedings is a fundamental one, guaranteed both by statute and by the Fourteenth Amendment to the Constitution of the United States. K.S.A. 60-205(*a*), K.S.A. 60-206(*d*), and K.S.A. 60-207(*b*); *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950); *Armstrong v. Manzo,* 380 U.S. 545, 14 L.Ed.2d 62, 85 S.Ct. 1187 (1955). Without such notice, due process is denied and any judgment rendered is void. As we said in *State v. Buckle,* 4 Kan. App. 2d 250, 255, 604 P.2d 743 (1979):

"It is elementary that notice and an opportunity to be heard are essential to any judgment affecting personal or property rights. . . . A notice such as was given here, which does not fairly apprise a party of the action proposed to be taken, is no notice at all. Under these circumstances we do not inquire as to prejudice or whether there is in fact a meritorious defense."

In addition to due process considerations, we note another fatal flaw in the May 29, 1980, order. Because Shela's motion did not request termination of parental rights, the trial granted relief which was *not requested.* Under K.S.A. 60-254(*c*), this is clearly improper in a default setting. That statute states, in part: "A judgment in default shall not be different in kind from . . . that prayed for in the demand for judgment."

From the foregoing it is clear that Michael had two adequate grounds upon which to obtain relief, pursuant to K.S.A. 60-

255(*b*), from the default judgment terminating his parental rights. Although he did not phrase his motion exactly in terms of K.S.A. 60-255(*b*), he did raise these arguments in his trial court memorandum brief and, in our view, the trial court should have set aside its original order on both grounds.

2. Michael argues in his second contention that even if his parental rights had been validly terminated under K.S.A. 1981 Supp. 60-1610(*a*), the trial court had jurisdiction nonetheless to entertain his application for *restoration of those rights* and should have done so on the merits.

Although the views expressed in point 1 above are dispositive, we are constrained to note that this point is likewise well taken. Under K.S.A. 1981 Supp. 60-1610(*a*)(3), the trial court has clear power to restore parental rights previously terminated under 60-1610(*a*), and that power is not dependent upon abortive adoption proceedings as the language in that section might suggest. *Bandel v. Pettibone,* 211 Kan. 672, 508 P.2d 487 (1973).

Accordingly, the trial court's order denying relief from the default severance is reversed and this cause is remanded with instructions to the trial court to vacate its order of May 29, 1980, and to hear and determine Michael's motion for custody on the merits.