(719 P.2d 20)

No. 58,200

GREG WINNER and COLLEEN WINNER, *Appellees*, v. ROGER FLORY, d/b/a Commerce Plaza, *Appellant*.

Opinion filed May 15, 1986.

*Thomas E. Wright*, of Fisher, Heck and Wright, P.A., of Topeka, for the appellant.

*D. Richard White*, of Lawrence, for the appellees.

Before ABBOTT, C.J., BRISCOE and DAVIS, JJ.

BRISCOE, J.: Plaintiffs, Mr. and Mrs. Greg Winner, sued defendant, Roger Flory, for false imprisonment and were granted default judgment after defendant failed to answer the petition or make any court appearance. Defendant subsequently filed a motion to set aside the default judgment, which was denied by the district court.

The defendant contends (1) the trial court abused its discretion in refusing to sustain his motion to set aside the default judgment; and (2) the trial court erred in failing to set aside the default judgment because the plaintiffs failed to comply with Supreme Court Rule 118, 235 Kan. civ-cv. We reverse on defendant's second issue and, consequently, need not address his first issue.

The underlying facts of this case are not in dispute. Roger Flory operated the Commerce Plaza service station in Lawrence, Kansas. Greg Winner was mistakenly arrested for filling his tank with gas at defendant's station and then leaving without paying for the gas. In fact, all Greg Winner had done was wash his car windows at the station and then leave.

Plaintiffs filed suit against defendant on December 20, 1984. Defendant was served on December 27, 1984, but failed to file an answer within 20 days as required. On January 23, 1985, the

plaintiffs filed a motion for default judgment and a February 1, 1985, hearing date was set. Notice of the default hearing was mailed to defendant on January 23, 1985. Defendant did not appear at the default hearing and default judgment was entered on February 8, 1985. The court awarded the plaintiffs each $3,000 for false imprisonment, for a total award of $6,000 plus costs. On February 26, 1985, defendant filed a motion to set aside the default judgment based on excusable neglect. The motion was denied by the trial court and defendant appeals.

Supreme Court Rule 118 provides:

"PLEADING OF UNLIQUIDATED DAMAGES. (a) In any action in which a pleading contains a demand for money damages 'in excess of ten thousand dollars ($10,000)' as provided in Sec. 60-208(a), if the party against whom relief is sought serves a written request of the actual amount of monetary damages being sought in the action on the party seeking relief, the party seeking relief shall within ten (10) days following service of the request serve his adversary with a written statement of the total amount of monetary damages being sought in the action and at the same time cause a copy of the written statement to be filed in the action. The amount recited in the written statement may be amended downward at any time prior to the action being submitted to the trier of facts for determination. The amount recited in the written statement may be amended upward if the judge hearing a Motion to Amend the amount recited in the written statement is satisfied the reasons recited in the motion justify the amendment.

"(b) In any action in which the party seeking relief demands an unliquidated amount of money as all or part of the relief he seeks and which action is to be tried to a jury in the district court, the parties and attorneys may state in voir dire and in arguments their valuation of an item of claimed damage and the total amount of damages claimed to have been suffered. They shall not mention any amount as being the award demanded in the written statement.

"(c) The costs of the action contemplated by this rule shall be allowed to the party in whose favor judgment is rendered as per Sec. 60-2002(a), unless the judge, upon his or a party's motion finds the amount of damages sought, as recited in the last written statement filed under (a) above, was frivolously chosen by the party filing same, in which event, the judge shall apportion the costs as justice requires.

"(d) Before any default judgment is taken in any action contemplated by this rule, the party seeking relief must notify the party against whom relief is sought of the amount of money for which judgment will be taken. Said notice shall be given by certified mail, return receipt requested, or as the court may order, at least ten (10) days prior to the date judgment is sought. Proof of service shall be filed and submitted to the court."

Defendant maintains that plaintiffs failed to comply with subsection (d) and therefore the default judgment should have been set aside. As this case was initiated with a petition seeking unliquidated damages, defendant contends subsection (d) ap-

plies. Subsection (d) requires a party seeking default judgment in an unliquidated damages case to give the defaulting party ten days' prior notice of the amount of damages sought. In the present case, the default judgment hearing was conducted on February 1, 1985, only nine days after notice was mailed to defendant on January 23, 1985.

Plaintiffs, on the other hand, contend that Rule 118(d) does not apply to the present case. Plaintiffs note that subsection (d) applies only to those actions contemplated by Rule 118. According to plaintiffs, the ten-day notice requirement applies only to the two types of actions defined in subsections (a) and (b). The first is "any action in which a pleading contains a demand for money damages 'in excess of ten thousand dollars . . . .' " Rule 118(a). The second type is "any action in which the party seeking relief demands an unliquidated amount of money . . . and which action is to be tried to a jury . . . ." Rule 118(b). Plaintiffs argue that the prayer in their petition did not contain a demand for damages in excess of $10,000 and, when asked at the default hearing the amount of damages sought, they requested only $6,000. Therefore, plaintiffs contend their case does not fall within subsection (a). In addition, their case was not tried to a jury so subsection (b) does not apply.

We do not believe Rule 118 (d) applies only to those unliquidated damage situations described in subsections (a) and (b) of the rule. In reaching this conclusion, we look first to the caption of Rule 118, "Pleading of Unliquidated Damages." This caption would imply the rule applies to any case where unliquidated damages are pleaded. Further, subsection (d) begins by stating, "Before any default judgment is taken in *any action contemplated by this rule*," ten days' prior notice shall be given. Also, the notice provisions of subsection (d) do not have any meaningful relationship to the entire context of the provisions of preceding subsections. For instance, if a case is at the voir dire stage as contemplated by subsection (b), and both parties have apparently made an appearance in the case, a default judgment would be foreclosed. Given the caption of the rule and the language of subsection (d) when read with the remainder of the rule, we conclude the ten-day notice provisions of Rule 118(d) apply when default judgment is sought on any pleading of unliquidated damages. The more specific language of subsec-

tions (a) and (b) is intended only to provide litigants guidance in the two specific areas they address, not to limit the applicability of subsection (d).

Plaintiffs would have us apply subsection (d) of Rule 118 only to unliquidated damage actions specifically described in subsections (a) and (b). This interpretation would subvert the obvious goal of the notice requirement set forth in subsection (d), which is to require the party seeking default judgment to inform the other party of the amount sought *before* the party seeking default judgment may recover.

Plaintiffs' petition, by containing only the following prayer and no other reference to damages, clearly qualifies as a "pleading of unliquidated damages" under Rule 118:

"WHEREFORE the plaintiffs pray for a judgment against the defendant for slander and false imprisonment, for punitive damage, for attorney's fees, for court costs, and for all reasonable and just costs which the judge deems reasonable."

Failure to request a jury trial or failure to employ the magical words "in excess of ten thousand dollars" in their pleading does not relieve the plaintiffs from providing defendant notice of the amount sought prior to entry of default judgment pursuant to Rule 118(d).

Reversed and remanded for further proceedings.