**MARINA B CREATION S.A., Marina B S.A., and Marina B., Inc., Plaintiffs,**

**v.**

**Ada de MAURIER and Ada de Maurier International, Inc., Defendants.**

**No. 86 Civ. 9748 (RWS).**

United States District Court, S.D. New York.

May 19, 1988.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiffs; William F. Sondericker, E. Sherrell Andrews, of counsel.

White & Case, New York City, for defendants; Robert R. Slaughter, Allan L. Gropper, Michael Hess, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs Marina B Creation S.A. ("Creation"), Marina B S.A., and Marina B, Inc. ("MBI") (collectively "Marina B") and defendants Ada de Maurier and Ada de Maurier International, Inc. (collectively "de Maurier") have objected to the report and recommendation of Magistrate Michael Dolinger (the "Magistrate") on damages in an action between the parties. Additionally, de Maurier objects to Marina B's copyright action against it, and hence the Magistrate's recommendation, on the ground that this court lacks subject matter jurisdiction over the claim pursuant to 17 U.S.C. § 205(d). For the reasons set forth below, de Maurier's objection to the copyright action for want of subject matter jurisdiction is overruled, and the magistrate's report and recommendation is adopted in part and rejected in part.

*Procedural Posture*

In an order dated October 13, 1987, this court held de Maurier liable to Marina B by default and ordered that the case be forwarded to a magistrate for findings on damages in accordance with the order. That report was signed by the Magistrate on December 15, 1987, and received by this court on December 17, 1987. By way of formal motion papers as well as supplementary letters, the parties filed their objections to the report, the last letter having been received on February 22, 1988.

*Subject Matter Jurisdiction*

In a supplemental objection dated February 8, 1988, de Maurier, for the first time, challenged this courts' subject matter jurisdiction over Marina B's copyright claim. It claims that under the Copyright Act, rec-

ordation of a transfer agreement is a prerequisite to filing an action for infringement, and that since MBI never filed their exclusive license to sell Marina B designs in the United States, they cannot maintain this action.

Under 17 U.S.C. § 205(d),

No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action that arose before recordation.

MBI, the holder of the exclusive license to market Marina B designs in the United States, did not record the instrument of transfer until February 16, 1988.

However, under 17 U.S.C. § 501(b), the legal or beneficial owner of the copyright may sue in its own behalf. *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir.1982) (Copyright Act authorizes two types of claimants: owners of copyrights and exclusive licensees); *Kamakazi Corp. v. Robbins Music Corp.*, 534 F.Supp. 69, 74 (S.D.N.Y.1982) (one who transfers legal title in exchange for license fees may maintain an action as beneficial owner).

■ Here, contrary to de Maurier's assertion, Creation can and did bring this action on its own behalf as owner of the copyright. By granting a license to MBI, it did not assign all of its ownership rights. Thus, regardless of the status of MBI due to its late recordation, this court has jurisdiction over the asserted copyright infringement by virtue of ownership.

*Damages*

The Magistrate's report and recommendation awards $200,000 in statutory damages on Marina B's copyright claim, $474,000 in trebled compensatory damages on plaintiffs' patent claims, $234,150.00 in compensatory damages on plaintiffs' Lanham Act claim, $100 on their common law unfair competition claim, $100,000 in punitive damages on their common law unfair competition claim, $28,412 in prejudgment interest on the patent claim, $60,000 in attorney's fees, and costs in a sum to be taxed by the Clerk of the Court.

Marina B objects to the Magistrate's assessment of lost profits on the patent claim, of Lanham Act damages, of prejudgment interest, and of attorneys' fees. de Maurier objects to the trebling of patent damages, to statutory copyright damages, to Lanham Act damages, and to any punitive measures, including trebling and punitive damages, for want of proof of wilfulness.

The Magistrate's report is carefully drawn and thorough and thus is adopted insofar as it relates to the copyright claims, the common law unfair competition claims including punitive damages, interest, costs, and attorneys' fees. However, the Magistrate's recommendations pertaining to patent damages is amended, and his assessment on Lanham Act damages is rejected.

■ Rule 54(c), of the Federal Rules of Civil Procedure states that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." However, the portion of the *ad damnum* clause in Marina B's amended complaint seeking damages for patent infringement prays for

all profits received by the defendants and all damages sustained by plaintiffs or any of their licensees on account of defendants' infringement of plaintiffs patented jewelry creations....

No demand for treble damages is made. Thus, this court will not increase damages beyond what was originally sought. *See, e.g., National Discount Corp. v. O'Mell*, 194 F.2d 452 (6th Cir.1952).

Although at least one court in this district has refused to rule out the possibility of permitting increased damages on default when the notice of default contains notice of the increase, *see IPEC, Inc., v. Magenta Films Ltd.*, 81 Civ. 3341 (S.D.N.Y. January 25, 1983), Marina B's notice and motion for default did not contain the required notice. The request for treble damages appeared

in the memorandum of law. Considering that the notice of default was first served five months after the default, that the memorandum was filed one month later with an amended notice, and that the de Maurier's legal representation was in a state of flux at that time, this is deemed insufficient. Treble damages are denied. The Magistrate's assessment $158,000 in lost profits, representing lost profits of $210,650 decreased by twenty-five percent to account for the price difference between the products is adopted.

Prejudgment interest consequently will be based on $158,000 and thus comes to $9,480. This represents interest at 9% per annum for the period from April 9, 1987 until December 9, 1987, as per the Magistrate's determination.

■ Additionally, Marina B will receive no damages for violations of the Lanham Act. A damage award "is not an automatic concomitant of the grant of injunctive relief against future infringement" under the Lanham Act. *Grotrian v. Steinway & Sons*, 523 F.2d 1331, 1344 (2d Cir.1975). "Injunctive relief may be warranted by the mere possibility of such injury, but a monetary award, whether in the form of damages or an accounting, is justified only to the extent that injury is shown already to have been suffered." *Monsanto Chemical Co. v. Perfect Fit Products Manufacturing Co.*, 349 F.2d 389, 392 (2d Cir.1965); *see also Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 161 (1st Cir.1977) (To recover damages, "the aggrieved party must show that it suffered actual harm to its business."); *Invicta Plastics (USA) Ltd. v. Mego Corp.*, 523 F.Supp. 619, 624 (S.D.N.Y.1981) (Actual "damages will not be awarded in the absence of credible evidence demonstrating injury to plaintiff resulting from defendant's sales. Damage awards for lost sales and profits may not be based upon the assumption that a trademark infringement resulted in commercial injury.").

■ Marina B has presented no direct evidence of either de Maurier profits or of loss of its own business based on infringing sales under the Lanham Act. It instead relies on the facts asserted in this court's order of October 13, 1987. However, the order signed by this court was submitted by the plaintiffs. No defense opposition was presented. Indeed, as stated above, the status of the defendants' representation was in a state of flux at that time. de Maurier is now, however, represented by able counsel, and thus counsel's objections to the portion of the order pertaining to facts for presentation to the magistrate on damages will be entertained. Since there is no proof of Lanham Act damages, none will be awarded. Accordingly, paragraphs b(2) and b(3) of the October 13, 1987 order assuming facts not proven is vacated.

■ This does not, however, negate the punitive damage award for common law unfair competition. Marina B was unable to prove actual damages in part because de Maurier absconded with its sales records and other evidence in violation of court order. This in itself displays the requisite wilfulness for a punitive damage award.

*Conclusion*

De Maurier's objection on the basis of subject matter jurisdiction is overruled. The Magistrate's report and recommendation is rejected insofar as it pertains to treble patent damages and Lanham Act damages, and is adopted in all other respects with an adjustment of the prejudgment interest on the patent damages to reflect the reduction in the award. Thus, Marina B will recover: $200,000 in statutory damages on their copyright claim; $158,000 in compensatory damages on their patent claim; $9,480 in prejudgment interest on the patent claim based on 9% per annum for eight months from April 9, 1987 to December 9, 1987; $100 on their common law unfair competition claim; $100,000 in punitive damages on their common law unfair competition claim; $60,000 in attorneys' fees; and costs as they are assessed by the clerk of the court. The portion of this court's October 13, 1987 order assuming facts not proven, paragraphs b(2) and b(3), is vacated.

Enter judgment on notice.

IT IS SO ORDERED.