(808 P.2d 881)

No. 64,843
No. 64,844
No. 64,845

PRODUCERS EQUIPMENT SALES, INC., *Appellee*, v. EARL L. THOM-
ASON d/b/a/ THOMASON OIL CO. and FEDERAL DEPOSIT INSUR-
ANCE CORPORATION as receiver for HAYS STATE BANK,
*Defendants*, and KANSAS STATE BANK & TRUST CO., *Appellant*.

Opinion filed April 5, 1991.

*Thomas J. Lasater* and *Thomas D. Kitch*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, for appellant.

*John T. Bird* and *Thomas J. Drees*, of Glassman, Bird & Braun, of Hays, for appellee.

Before GERNON, P.J., REES, J., and R. DAVID LAMAR, District Judge, assigned.

GERNON, J.: In this consolidated appeal, the Kansas State Bank and Trust Company (KSBT) appeals from the trial court's denial of its motion to set aside three default judgments in three separate proceedings in three counties.

Earl Thomason d/b/a Thomason Oil Company (Thomason) owned a working interest in oil and gas leases in Ellis, Rooks, and Stafford counties. In 1981, Thomason mortgaged these interests to the Hays State Bank (HSB). KSBT was a participant in these loans.

In 1986, Thomason assigned his interests in the oil and gas leases to KSBT and HSB. Also in 1986, HSB was closed, and the FDIC subsequently assigned the Thomason mortgages to General Financial Services, Inc., which assigned the mortgages to Petro Search & Development. Producers Equipment Sales, Inc., (Producers) was the operator of the leases at all relevant times.

Producers filed mechanics' liens against the property, equipment, and leases in April of 1988. Producers sought to foreclose its lien in Ellis County in August of 1988. Producers asked the court to find that the liens were superior to any claims of the various defendants and to grant a money judgment in the amount of $6,453.33 plus interest for "labor performed and materials furnished." The petition also stated that "charges continue to accrue for labor and materials." Identical petitions, with different leasehold descriptions and amounts prayed for, were filed in Rooks and Stafford counties.

The amounts sought were $6,453.33, $815.43, and $14,362.12 in the three petitions in Ellis, Stafford, and Rooks counties respectively.

KSBT failed to answer and judgment was ultimately entered against KSBT in each case. The amounts of the money judgments entered were $19,490.57 in Ellis County; $2,129.03 in Stafford County; and $42,275.06 in Rooks County.

KSBT was served the petitions, but chose to ignore them, concluding that they were mechanic's lien foreclosure petitions. Arnold Gray, President of KSBT, concluded that the petitions did not seek money damages against KSBT; that, in any case, any interest of KSBT in the leases was of no value; and that he did not want to expend resources to answer the petitions.

KSBT's receipt of the petitions in August of 1988 was the only notice it received of any kind concerning the lawsuits until November of 1989, when KSBT received a letter from counsel for Producers demanding payment of its purported judgments against KSBT.

KSBT then filed motions to set aside the default judgments entered in each of the three counties pursuant to K.S.A. 60-255(b) and 60-260(b). Counsel for the parties agreed to be bound in all three cases by the decision of the trial court in the Ellis County case. The trial court denied KSBT's motion in the Ellis County case. KSBT appealed the ruling in each case, and the appeals are consolidated here.

On appeal we must determine: (1) whether the trial court abused its discretion by refusing to set aside the default judgments based upon mistake, inadvertence, or excusable neglect; (2) whether the default judgments are void because the petitions did not provide adequate notice that a money judgment was sought; and (3) whether, if the judgments are not void, they are voidable in whole or in part because they granted relief not requested or because they did not comply with Supreme Court Rule 118(d) (1990 Kan. Ct. R. Annot. 102).

Abuse of discretion

KSBT asserts that the trial court abused its discretion by refusing to set aside the default judgments pursuant to K.S.A. 60-260(b)(1) based on its claim of excusable neglect. KSBT contends that the conduct of Gray did not amount to reckless indifference, and, thus, the trial court erred by refusing to set aside the default judgment. KSBT contends that its default was "induced by the actions of Producers in first advising KSBT it would be filing a

foreclosure suit and then virtually burying a vaguely worded and unarticulated contract claim in the middle of the petitions."

At the conclusion of the hearing on KSBT's motion, the trial court made the following finding on this issue:

"So I guess we are down to the question of excusable neglect and meritorious defenses. I simply can't find any excusable neglect. You are a year and three months late in coming in here and doing anything about this. And your excuse is that some lay person looked at the petition and said it prayed for *in rem* relief only. And that is obviously not the case."

"In determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits." *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989), *cert. denied* 110 S. Ct. 2173 (1990).

However, a decision to grant relief from a default judgment rests within the trial court's discretion and will only be disturbed upon a showing of abuse of discretion. *Bazine State Bank*, 245 Kan. at 495.

Discretion is abused when no reasonable person would agree with the trial court. *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988).

The court looked at the following portions of Producers' petition when making its determination:

"6. That plaintiff Producers Equipment Sales, Inc., entered into an agreement with the defendants, Earl L. Thomason d/b/a Thomason Oil Co., Kansas State Bank & Trust Co., and Federal Deposit Insurance Corporation, for the performance of labor and furnishing materials in the course of operation of an oil and gas well or wells located on the above-described oil and gas leases, all to the benefit of said Defendants.

"7. That plaintiff, Producers Equipment Sales, Inc., performed labor and furnished materials on said oil and gas leases, and that the amount due for the labor performed and materials furnished to said oil and gas leases remaining unpaid is $6,453.33 plus interest and that charges continue to accrue for labor and materials.

. . . .

"10. That plaintiff, Producers Equipment Sales, Inc., will incur additional monthly operating expenses attributable to the interests of defendants Earl L. Thomason d/b/a Thomason Oil Co., Kansas State Bank & Trust Co., and Federal Deposit Insurance Corporation, in and to said oil and gas leases and that said plaintiff claims a continuing lien against said interests.

"WHEREFORE, plaintiff prays that all liens and claims of the plaintiff Producers Equipment Sales, Inc., be adjudicated as first and prior liens against

the interests of the defendants, Earl L. Thomason d/b/a Thomason Oil Co., Kansas State Bank & Trust Co., and Federal Deposit Insurance Corporation, and judgments against defendants in the amounts stated herein."

We agree with the trial court's finding that the petition stated a claim for a money judgment. Apparently Gray simply examined the petition and concluded it sought only foreclosure of the liens without seeking legal counsel or further information from Producers. KSBT has failed to demonstrate that no reasonable person would find that its conduct was not excusable neglect.

Adequate notice

KSBT states that the default judgments were void because the petitions did not contain adequate notice that a money judgment was sought. Specifically its motion contended:

"Arnold Gray, President of defendant Kansas State Bank and Trust Company believed plaintiff's Petition sought only to adjudicate the parties' rights and priorities in the oil and gas leases. He did not believe plaintiff made any claims for a money judgment against the Bank in the Petition. The Bank decided not to defend any interest in the leases because such interests had no value."

The Kansas Supreme Court has stated:

"[A] judgment is not void merely because it is erroneous or because some irregularity inhered in its rendition. It is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or if the court acted in a manner inconsistent with due process." *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976).

KSBT concedes that Kansas has adopted the principles of "notice pleading." K.S.A. 1990 Supp. 60-208 contains the "general rules of pleadings" and provides in part:

"(a) *Claims for relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain: (1) A short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which the pleader deems such pleader's self entitled. . . .

. . . .

"(e) . . . (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

In *Rinsley v. Frydman*, 221 Kan. 297, 301-02, 559 P.2d 334 (1977), the Kansas Supreme Court noted, "There is no requirement to state facts sufficient to constitute a cause of action. [Citation omitted.] All the rules require is a short and plain statement

of a claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."

Our reading of the petition leads us to agree with the trial court's conclusion that the petition provides adequate notice that a contract claim was being asserted by Producers. Paragraph No. 6 of the petition alleges Producers "entered into an agreement with the defendants, . . . Kansas State Bank & Trust Co." The same paragraph provides a summary of the nature of the agreement "for the performance of labor and furnishing materials in the course of operation of an oil and gas well or wells." Paragraph No. 7 of the petition alleges Producers' performance under the agreement and lists an unpaid balance. The following paragraphs indicated the existence of a mechanic's lien and sought its foreclosure. Finally, the prayer for relief, seeking judgment for the unpaid balance listed in Paragraph No. 7, alleges a breach of the agreement.

KSBT contends that a letter from Producers' attorney to KSBT is relevant to Gray's action upon receiving the petition. KSBT reads the letter to be an acknowledgment that no agreement existed between Producers and KSBT. However, KSBT cites no authority for the proposition that it was entitled to rely upon the letter as a means of interpreting the petition, nor does Gray's affidavit allege that the letter influenced his interpretation of the petition. The letter could conceivably be interpreted to be a demand for payment or satisfaction and notice that KSBT was legally obligated to pay certain operational costs. Neither the record in this case, nor a reading of the letter, sufficiently supports KSBT's assertion that this letter somehow justifies a failure to respond to the petition.

Next, KSBT contends that the petitions did not contain separate counts for these two types of relief as required by statute.

K.S.A. 60-210(b) provides in part: "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count or defense."

We reject KSBT's objection. The foreclosure and the contract claims are both founded upon the same transaction or series of transactions and, therefore, K.S.A. 60-210(b) has no relevance insofar as a basis of objection.

Are the judgments voidable?

We find merit in KSBT's argument that the default judgments are voidable in part because they grant relief in excess of the amounts requested by the petitions. KSBT forwards two theories for granting relief. The first is to be found in K.S.A. 1990 Supp. 60-254(c), which is identical to Federal Rule of Civil Procedure 54(c). The other basis concerns the entry of default judgment on claims for unliquidated damages, specifically Supreme Court Rule 118(d).

K.S.A. 1990 Supp. 60-254(c) provides in part:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. . . . Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in such party's pleadings."

Each of the judgments was in an amount far greater than the amount prayed for in the petition. As a result, the default judgments against KSBT violate the provisions of K.S.A. 1990 Supp. 60-254(c) by granting judgment in excess of the amount of the petition's demand for judgment.

The federal courts have considered default judgments which exceed the demand for relief in several cases. Generally, the federal courts have concluded that such a judgment should be vacated or considered void to the extent of the excess. See *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1031 (5th Cir. 1982), *reh. denied* 702 F.2d 81, *cert. denied* 464 U.S. 818 (1983) (applying California law, excess portion of judgment is subject to collateral attack and enforcement of the judgment should be limited to the amount in the complaint); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 107 (4th Cir. 1979)(remanded with instructions to vacate portion of the judgment which the complaint did not establish); *Fong v. United States*, 300 F.2d 400, 414 (9th Cir.), *cert. denied* 370 U.S. 938 (1962) (trial court properly granted motion to delete damages not within the complaint); *Pueblo Trading Co. v. El Camino Irr. Dist.*, 169 F.2d 312, 313 (9th Cir. 1948) (part of order was beyond scope of complaint; "to that extent the judgment, being by default, was a nullity"); *Marina B Creation S.A. v. de Maurier*, 685 F. Supp. 910, 913 (S.D.N.Y. 1988)(rejecting portion of Magistrate's report that includes damages beyond the

petition); *Growth Properties, Inc. v. Klingbeil Hold. Co.*, 419 F. Supp. 212, 220-21 (D. Md. 1976)(after default judgment as to liability, refusing to allow amendment of complaint to include new items of damages).

Wright, Miller & Kane, Federal Practice and Procedure, contains an extensive discussion of the reasons for Rule 54(c), which includes:

"The theory of this provision is that once the defending party receives the original pleading he should be able to decide on the basis of the relief requested whether he wants to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award. . . . In sum, then, a default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded. A judgment in a default case that awards relief that either is more than or different in kind from that requested originally is null and void." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2663 (1983).

In addition, a number of other jurisdictions have rules which are identical or nearly identical to the Kansas and federal rule. Some of these jurisdictions follow the theory that only the excess portion of the judgment should be disturbed. See, *e.g.*, *Metropolitan Life Ins. Co. v. Welch*, 202 Cal. 312, 315, 260 P.2d 545 (1927)(relief granted beyond the scope of complaint is subject to collateral attack); *Orkin Exterminating v. Townsend*, 136 Ga. App. 50, 53, 220 S.E.2d 14 (1975)(portion of judgment beyond scope of complaint is to that extent a nullity); *Park Ave. Lumber v. Nils A. Hofverberg, Inc.*, 76 Ill. App. 2d 334, 349, 222 N.E.2d 49 (1966)(affirming trial court's order of modification to ·set aside the portion of the judgment which was beyond the scope of the complaint); *Hopkins v. Hopkins*, 266 S.C. 23, 27-28, 221 S.E.2d 113 (1975)("that portion" of decree which was beyond the requested relief cannot be enforced through contempt proceedings).

However, other jurisdictions have concluded that such a judgment is void in its entirety or is required to be set aside upon request. See, *e.g.*, *Continental Casualty Company v. Barlar*, 55 Ala. App. 441, 443, 316 So. 2d 690 (1975)("an indivisible judgment

is void in its entirety and must be set aside upon motion"); *Oaks v. Grocers Wholesale, Inc.,* 377 P.2d 1001, 1003 (Alaska 1963)(reversed and remanded with directions to set aside the default judgment); *Kohlenberger v. Tyson's Foods,* 256 Ark. 584, 592, 510 S.W.2d 555 (1974)(defect is "fatal" and judgment "must be reversed"); *Sceva Steel Bldgs., Inc. v. Weitz,* 66 Wash. 2d 260, 263, 401 P.2d 980 (1965)(affirming an order setting aside the judgment because such judgments are "void").

This case may be distinguished from the case of *Sweetser v. Sweetser,* 7 Kan. App. 2d 463, 643 P.2d 1150 (1982), in which the trial court granted termination of parental rights when such termination was not requested. In *Sweetser,* this court stated that, under 60-254(c), this type of order was clearly improper in a default setting. 7 Kan. App. 2d at 465.

We conclude that the better practice, where the petition is clear on its face and where there is no clear showing of excusable neglect, is to follow the federal rule which makes void the amount in excess of the petition.

The Fifth Circuit in *Fehlhaber,* citing *Becker v. S.P.V. Construction Co.,* 27 Cal. 3d 489, 493-94, 612 P.2d 915, 165 Cal. Rptr. 825 (1980), in referring to Section 580 of the Cal. Civ. Proc. Code Ann., which is identical to Rule 54, stated that the section is:

" 'designed to insure fundamental fairness' through notice to the defaulting party of the amount of the judgment that may be taken against him. [Citation omitted.] One aspect of fundamental fairness . . . is 'that defaulting defendants should not be subject to damages in excess of an amount specifically set out in the complaint.' " 681 F.2d at 1025.

We must then focus our concern on the provisions of the petitions to discern whether the language of the petitions and the record would allow judgment in an amount greater than the amount stated in the petition.

The petitions each ask for a specific amount of money damages "plus interest" and further state that "charges continue to accrue for labor and materials." Also, the petitions state that Producers "will incur additional monthly operating expenses."

The question then becomes whether this language provided sufficient notice to KSBT to allow the court to grant judgment

in an amount greater than the specific amounts mentioned in the petitions.

The record on appeal provides no record of any hearing or proof of notice to KSBT or of what evidence was available to the trial court, other than a journal entry presented for signature, to provide a basis for judgment other than that prayed for specifically in the petition.

In *Fehlhaber*, the Fifth Circuit voided the excess judgment granted above an amount stated in the petition, concluding that the general prayer that "property rights be determined" and that the court "render such judgments as are appropriate" did not meet the minimal standards of specific notice. 681 F.2d at 1025.

In the case before us, while there was reference to ongoing charges, we conclude that these references did not provide specific notice, when coupled with lack of notice of default and a record lacking in evidence of a basis for judgment in excess of the specific amount prayed for in the petitions.

KSBT argues that the judgments were voidable because Producers failed to comply with Supreme Court Rule 118(d) concerning entry of default judgment on a claim for unliquidated damages. Rule 118(d) states:

"Before any default judgment is taken in any action contemplated by this rule, the party seeking relief must notify the party against whom relief is sought of the amount of money for which judgment will be taken. Said notice shall be given by certified mail, return receipt requested, or as the court may order, at least ten (10) days prior to the date judgment is sought. Proof of service shall be filed and submitted to the court." (1990 Kan. Ct. R. Annot. 102).

The record shows that after the original petitions were served, no additional notice, nor any journal entry, was sent to KSBT. This court has previously stated that the "provisions of Rule 118(d) apply when default judgment is sought on any pleading of unliquidated damages." *Winner v. Flory*, 11 Kan. App. 2d 263, 265, 719 P.2d 20 (1986). The failure to comply with Rule 118(d) renders a default judgment voidable. *Universal Modular Structures, Inc. v. Forrest*, 11 Kan. App. 2d 298, 302, 720 P.2d 1121 (1986).

"A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same become definitely ascertainable by mathematical computa-

tion." *Plains Resources, Inc. v. Gable*, 235 Kan. 580, 583, 682 P.2d 653 (1984); *First National Bank v. Bankers Dispatch Corporation*, 221 Kan. 528, 537, 562 P.2d 32 (1977).

In this case, we are dealing with a claim for both liquidated and unliquidated damages. The specified sums recited in the petitions represent liquidated damages. The claims for future or continuing services constitute unliquidated damages at the time the petitions were filed.

Rule 118(d) is interpreted as applicable to any damage claim which is unliquidated at the time the petition is filed. See *Winner v. Flory*, 11 Kan. App. 2d at 266.

To read the rule otherwise would make it meaningless, because all damage claims are necessarily liquidated at the time a judgment is entered. The purpose of Rule 118(d) is "to inform the other party of the amount sought *before* the party seeking default judgment may recover." *Winner v. Flory*, 11 Kan. App. 2d at 266. Producers concedes that KSBT was not given any actual notice of any continuing charges.

Although we concluded in *Winner* that the appropriate remedy was to set aside the default judgment, it must be noted that the judgment in *Winner* was based entirely upon a claim for unliquidated damages. 11 Kan. App. 2d at 266.

In this case, since the petitions clearly sought liquidated damages, with unliquidated damages allowed at the time of judgment, and since we have already concluded that the amount of the judgment in excess of the amount in the petition should be vacated, we further conclude that the amount of the unliquidated damages, which is the excess above the amount prayed for in the petition, should be set aside. These amounts are the same.

We, therefore, affirm those parts of the trial court's ruling which denied the setting aside of the default judgments so far as the amount prayed for in each petition. We reverse and remand with directions that the trial courts vacate the amount of the judgment in each case which is in excess of the petition and, further, direct that the rates of interest as ordered by the trial courts at 18% are hereby void. The rate of interest on a judgment is fixed by statute unless an agreement by the parties provides for a different rate. The trial courts' award of an 18% interest

rate exceeded the relief requested by the petition and the rate of interest authorized by statute.

Affirmed in part, reversed in part, and remanded with directions.